607 So.2d 396 (1992)
In re FLORIDA RULES OF FAMILY COURT PROCEDURE.
No. 79916.
Supreme Court of Florida.
October 22, 1992.
N. David Korones, Chairman, A. Matthew Miller, Chairman-Elect, and Deborah Marks, North Miami, for the Family Law Section of The Florida Bar, for petitioner.
Anthony C. Musto, Chair, Florida Rules of Judicial Admin. Committee, Miami, and Jeanne D. Howard, Past Chair, Juvenile Court Rules Committee, West Palm Beach, responding.
OVERTON, Justice.
This cause is before us on the petition of the Family Law Section of The Florida Bar and numerous individual petitioners to establish separate rules of procedure governing family law matters and to amend rule 2.130(b)(3), Florida Rules of Judicial Administration, to include a Family Law Rules Committee. We have jurisdiction. Art. V, § 2(a), Fla. Const.
Family law cases now comprise more than fifty percent of the general civil law cases filed in this state. The Family Law Section asserts that family law cases differ from general civil law cases in a number of respects, including the fact that a number of statutes, rules, and administrative processes apply only to family law cases. The Section notes that in 1991 this Court required the establishment of family law divisions in all circuits except those serving rural areas. See In re Report of the Comm'n on Family Courts, 588 So.2d 586 (Fla. 1991).
Upon receipt of the petition in this cause, we asked for responses from interested parties. No objections to the establishment of separate rules for family court procedure have been filed. Recognizing that family law cases are different from other civil matters and that the creation of family divisions in the circuit courts underscores the differences between family courts and other civil matters, the Rules of Judicial Administration Committee voted unanimously to support the establishment of separate rules for family law cases. The Juvenile Rules Committee also filed a response in favor of establishing separate family court rules, noting that the family law rules should be distinct from the Juvenile Court Rules.
We agree that separate rules of procedure for family law matters should be established. Accordingly, we amend rule 2.130(b)(3), Florida Rules of Judicial Administration to establish a committee to propose rules in family law matters, as follows:
The Florida Bar shall appoint the following committees to consider rule proposals: Civil Procedure Rules Committee, Criminal Procedure Rules Committee, Small Claims Rules Committee, Traffic Court Rules Committee, Appellate Court Rules Committee, Juvenile Court Rules Committee, Code and Rules of Evidence Committee, Rules of Judicial Administration Committee, Probate Rules Committee, Workers' Compensation Rules Committee, and Family Law Rules Committee.

We request that The Florida Bar immediately appoint the Family Law Rules Committee and request that the initial set of rules for family law be submitted to this Court on or before September 1, 1993. To avoid confusion among members of the Bar who practice in both family law and other civil areas, we request the committee to maintain as much uniformity as possible between its proposed Family Law Rules and the Rules of Civil Procedure. Additionally, we request the committee to use particular care to avoid conflicts with the Rules of Juvenile Procedure.
It is so ordered.
BARKETT, C.J., and McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.