663 So.2d 1047 (1995)
In re FAMILY LAW RULES OF PROCEDURE.
No. 84337.
Supreme Court of Florida.
July 7, 1995.
John F. Harkness, Jr., Executive Director, The Florida Bar, Tallahassee; and Miriam E. Mason, Chair, Family Law Rules Committee, Sessums & Mason, P.A., Tampa, for Petitioner.
Deborah Marks, individually, North Miami, in Opposition to a Portion of Proposed Rule 12.490.
Frederick D. Smith, Circuit Judge, Eighth Judicial Circuit, Gainesville; Renee K. Fehr of Cobb, Cole & Bell, Daytona Beach, as Chairperson, Volusia County Bar Association Pro Bono Committee, and on behalf of Horace Smith, Esquire, Volusia County Bar, Richard Brown, Esquire, Chairman, Volusia County Bar Association Family Law Committee and David Jenks, Esquire, Pro Bono Developer, Volunteer Lawyers Project; I. Bruce Frumkin, Ph.D., ABPP and Carolyn Stimel, Ph.D., ABPP, of Forensic and Clinical Psychology Associates, P.A., South Miami; John S. Morse of John S. Morse, P.A., Tampa; Debra Katz, M.D., Chair, Child Adolescent Psychiatry Subcommittee, South Florida Psychiatric Society, Miami; James P. D'Angelo of James P. D'Angelo, P.A., Coral Springs; Henry P. Trawick, Jr., Sarasota; Lawrence J. Hamilton II, President, Young Lawyers Division, The Florida Bar, Jacksonville; and Winifred J. Sharp, Chair, Gender Bias Study Implementation Commission, Objections and Comments regarding Family Law Rules.
OVERTON, Justice.
In accordance with our prior determination to have separate rules for family law cases, we have for adoption the Florida Family Law Rules of Procedure as proposed by the Family Law Rules Committee (the Committee). See In re Fla. R. Family Ct. P., 607 So.2d 396 (Fla. 1992) (Family Law Rules I). We have jurisdiction. Art. V, § 2(a), Fla. Const. After the proposed rules were submitted to this Court by the Committee, the rules were published in The Florida Bar News for comment. A divided Board of Governors of The Florida Bar voted to approve the proposed rules in concept but recommended a number of changes. After considering comments from the Board of Governors and others, we adopt a substantially modified version of the proposed rules. In this opinion, we discuss some of the significant modifications to the proposed rules and, in view of the major changes to the proposed rules, we again invite comments from all interested parties before our final adoption of the rules.
A great number of comments were received from interested parties regarding the initial rules proposed by the Committee. The primary concerns articulated in those comments involved: (1) the Committee's total incorporation of the Florida Rules of Civil Procedure into the proposed family law rules, along with numerous technical and substantive changes, rather than references in the family law rules to additions and exceptions to the civil rules; (2) the complexity of the proposed rules given the large amount of pro bono work and pro se litigants in this area; (3) the mandatory disclosure requirements; and (4) the requirements placed on psychologists in the evaluation of children.
We first address the concerns regarding the total incorporation of the civil rules. Essentially, the Committee lifted the text of the civil rules and placed it into the family rules. The Committee then made both substantive and stylistic changes to the rules. Although the Committee's approach was well-intended, the scheme of the rules as proposed would make it difficult for general practitioners to easily discern what differences existed between the civil rules and the family law rules and what changes were in fact substantive and what changes were only stylistic. Notably, the Board of Governors of The Florida Bar voted unanimously to change the format of the proposed rules to allow for reference to the civil rules when necessary rather than to totally incorporate those rules. The Committee, *1048 however, rejected this proposal by a fourteen-to-nine vote.
After reviewing the proposed rules and the comments of the Board of Governors and others, we find that the rules should reference the civil rules where necessary rather than totally incorporate them with significant changes. Such a finding is consistent with our directives in Family Law Rules I, wherein we stated:
We request that The Florida Bar immediately appoint the Family Law Rules Committee and request that the initial set of rules for family law be submitted to this Court... . To avoid confusion among members of the Bar who practice in both family law and other civil areas, we request the committee to maintain as much uniformity as possible between its proposed Family Law Rules and the Rules of Civil Procedure.

607 So.2d at 396 (emphasis added). Consequently, we have redrafted the rules to require that the civil rules apply to family law matters except as set forth in the family law rules. See Fla.Fam.L.R.P. 12.020.
We next address concerns regarding the complexity of the rules and the mandatory disclosure requirements. Many of the comments received indicated that the proposed rules appeared to be fashioned for complex dissolution cases. Fears were expressed that the complicated nature of the rules and the mandatory disclosure requirements would discourage pro bono representation in this area and adversely affect the ever increasing number of pro se litigants in family law cases. After reviewing the proposed rules, we agree. Consequently, we have extensively redrafted the rules to eliminate as much complexity as possible. For example, we have altered the mandatory disclosure requirements by requiring less mandatory disclosure in cases involving smaller amounts of income, and we have eliminated a number of mandatory requirements in the proposed rules that are already within the inherent authority of a trial judge to require when the judge deems it appropriate to do so in a particular case. Additionally, in an effort to assist the many pro se litigants in family law cases, we have redrafted the rules to include Florida Supreme Court Approved Simplified Forms and instructional commentary and appendices. Many of the forms proposed by the Committee duplicated those contained in the simplified forms and in the civil rules of procedure. Thus, by including the simplified forms as part of the rules and by referencing the civil rules forms when appropriate, we have eliminated a great deal of duplication and, hopefully, have included commentary helpful to attorneys who perform work in this field on a pro bono basis and to pro se litigants.
We also decline at this time to adopt the Committee's proposed rules regarding the appointment of experts, evaluations of minor children, and the need for obtaining a court order to have a child testify. Based on the comments received, we believe that additional study is necessary before new rules on these issues are adopted. Of specific concern is the potentially negative impact on the manner in which psychological evaluations are performed and the requirements placed on psychologists in general. Likewise, we have eliminated the need for the "seasonable" supplementation of responses and the mandatory twenty-four-hour waiting period for proposed orders.
On our own motion, we have addressed three other major concerns: (1) confidentiality requirements; (2) domestic and repeat violence injunctions; and (3) mandatory trial and pretrial time periods and document exchange for pretrial conferences.
With regard to confidentiality, the Committee's proposed rules contained a number of changes mandating the confidentiality and sealing of certain family law cases. For instance, the proposed rules required that all financial documents or records obtained during the pendency of any action were to be considered confidential and could be disclosed to third parties only upon leave of court. We have previously determined, however, that a strong presumption of public access exists as to all court proceedings and records, including dissolution proceedings and records. Barron v. Florida Freedom Newspapers, Inc., 531 So.2d 113 (Fla. 1988). This presumption of public access is subject to only a few narrowly defined exceptions. *1049 Id. at 114. Additionally, and equally as important, the standards regarding the confidentially and sealing of records are now governed by Florida Rule of Judicial Administration 2.051. We have altered the proposed rules accordingly.
Next, domestic and repeat violence injunctions are an important and significant responsibility of family courts. After reviewing the proposed rules, we determined that the provisions regarding injunctions did not include or correspond to the legislative mandates regarding domestic and repeat violence injunctions. This is partly due to the fact that legislation regarding this issue has been in a state of flux. Because domestic and repeat violence are family law matters and are to be governed by the family law rules, we have modified the provisions and commentary regarding injunctions to include domestic and repeat violence. These new provisions track the new 1995 legislative law regarding domestic and repeat violence except where inconsistencies in that law exist.
We have also eliminated many of the mandated time periods and requirements for final hearings and disclosure at pretrial conferences, finding that these requirements are best left to the discretion of the trial judge. For example, some cases do not require the extensive exchange of documents mandated for pretrial conferences in the proposed rules.
Finally, in implementing the new family law rules, we find it necessary to amend the Florida Rules of Civil Procedure to eliminate references to family law matters. The amendments to the rules of civil procedure are attached to this opinion as appendix A.
Accordingly, the amendments to the Florida Rules of Civil Procedure (attached to this opinion as appendix A) and the new Florida Family Law Rules of Procedure, as redrafted by this Court (attached to this opinion as appendix B, are hereby adopted and shall take effect January 1, 1996. Because of the substantial changes to the rules made by this Court, we direct that the rules be readvertised in The Florida Bar News; we direct that the Family Law Rules Committee review the rules for comment; and we direct that all interested parties submit comments regarding the rules within sixty days of publication, which comments will be considered by this Court before the effective date of the rules.
It is so ordered.
GRIMES, C.J., and SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.