# Supreme Court of Florida

_____

No. SC21-966

_____

## IN RE: AMENDMENTS TO FLORIDA FAMILY LAW RULE OF PROCEDURE 12.510.

July 8, 2021

PER CURIAM.

The Court, on its own motion, amends Florida Family Law Rule of Procedure 12.510 (Summary Judgment).[1] These amendments incorporate into the family law rules our recent changes to Florida Rule of Civil Procedure 1.510 (Summary Judgment).

When the Court first adopted the family law rules in 1995, it rejected the Family Law Rules Committee's recommendation to place the text of our civil rules of procedure into the new family law rules. *See In re Fam. L. Rules of Proc.*, 663 So. 2d 1047, 1047-48

---

1. We have jurisdiction. *See* art. V, § 2(a), Fla. Const.; Fla. R. Gen. Prac. & Jud. Admin. 2.140(d).

(Fla. 1995).  However, the Court revisited the issue in 2017, with the Committee explaining developments in marital and family law practice and contending "that a stand-alone rule set will be helpful and less confusing for pro se litigants in that for most issues they will not have to consult multiple sets of rules for guidance."  *In re Amends. to Fla. Fam. L. Rules of Proc.*, 214 So. 3d 400, 401 (Fla. 2017).  Therefore, in 2017, this Court incorporated the text of the civil procedure rules into the family law rules to create "a stand-alone set of Family Law Rules of Procedure."  *Id.*

Recently, this Court amended Florida Rule of Civil Procedure 1.510 to adopt almost all the text of Federal Rule of Civil Procedure 56 and to align Florida's summary judgment standard with the federal standard.  *See In re Amends. to Fla. Rule of Civil Proc. 1.510*, 46 Fla. L. Weekly S95 (Fla. Apr. 29, 2021).  In keeping with our decision in 2017 to have a stand-alone set of family law rules, we now adopt amendments to Florida Family Law Rule 12.510 to incorporate the recent changes to Florida Rule of Civil Procedure 1.510.

Accordingly, the Florida Family Law Rules of Procedure are amended as reflected in the appendix to this opinion.  New

language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective immediately upon the issuance of this opinion. Because the amendments were not published for comment previously, interested persons shall have seventy-five days from the date of this opinion in which to file comments with the Court.[2]

It is so ordered.

CANADY, C.J., and POLSTON, LAWSON, MUÑIZ, COURIEL, and GROSSHANS, JJ., concur.
LABARGA, J., dissents with an opinion.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

---

2. All comments must be filed with the Court on or before September 21, 2021, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Florida Courts E-Filing Portal (Portal) in accordance with *In re Electronic Filing in the Supreme Court of Florida via the Florida Courts E-Filing Portal*, Fla. Admin. Order No. AOSC13-7 (Feb. 18, 2013). If filed by a nonlawyer or a lawyer not licensed to practice in Florida, the comment may be, but is not required to be, filed via the Portal. Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927; no additional copies are required or will be accepted.

LABARGA, J., dissenting.

For the reasons expressed in my dissent in *In re Amendments to Florida Rule of Civil Procedure 1.510*, 46 Fla. L. Weekly S95 (Fla. April 29, 2021), I dissent to the amendments to rule 12.510, Florida Family Law Rules of Procedure.

Original Proceeding – Florida Family Law Rules of Procedure

# APPENDIX

## Rule 12.510    Summary Judgment

(a) ~~For Claimant.~~<u>**Motion for Summary Judgment or Partial Summary Judgment.**  A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought.  The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  The court shall state on the record the reasons for granting or denying the motion.  The summary judgment standard provided for in this rule shall be construed and applied in accordance with the federal summary judgment standard.</u>~~A party seeking to recover on a claim, counterpetition, crossclaim, or third-party claim or to obtain a declaratory judgment may move for a summary judgment in that party's favor on all or any part of it with or without supporting affidavits at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party.~~

(b) ~~For Defending Party.~~<u>**Time to File a Motion.**  A party may move for summary judgment at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party.  The movant must serve the motion for summary judgment at least 40 days before the time fixed for the hearing.</u>~~A party against whom a claim, counterpetition, crossclaim, or third-party claim is asserted or a declaratory judgment is sought may move for a summary judgment in that party's favor as to all or any part of it at any time with or without supporting affidavits.~~

(c) ~~Motion and Proceedings Thereon.~~<u>**Procedures.**</u>

> (1) *Supporting Factual Positions.*  A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

(2) *Objection That a Fact Is Not Supported by Admissible Evidence.* A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

(3) *Materials Not Cited.* The court need consider only the cited materials, but it may consider other materials in the record.

(4) *Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

(5) *Timing for Supporting Factual Positions.* At the time of filing a motion for summary judgment, the movant must also serve the movant's supporting factual position as provided in subdivision (1) above. At least 20 days before the time fixed for the hearing, the nonmovant must serve a response that includes the nonmovant's supporting factual position as provided in subdivision (1) above. ~~The motion must state with particularity the grounds on which it is based and the substantial matters of law to be argued and must specifically identify any affidavits, answers to interrogatories, admissions, depositions, and other materials as would be admissible in evidence ("summary judgment evidence") on which the movant relies. The movant must serve the motion at least 20 days before the time fixed for the hearing, and must also serve at that time any summary judgment evidence on which the movant relies that has not already been filed with the court. The adverse~~

~~party must identify, by notice served under Florida Rule of Judicial Administration 2.516 at least 5 days prior to the day of the hearing, or delivered no later than 5:00 p.m. 2 business days prior to the day of the hearing, any summary judgment evidence on which the adverse party relies. To the extent that summary judgment evidence has not already been filed with the court, the adverse party must serve a copy on the movant under rule 2.516 at least 5 days prior to the day of the hearing, or by delivery to the movant's attorney no later than 5:00 p.m. 2 business days prior to the day of the hearing. The judgment sought must be rendered immediately if the pleadings and summary judgment evidence on file show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.~~

      **(d)** ~~**Case Not Fully Adjudicated on Motion.**~~**When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

          (1) defer considering the motion or deny it;

          (2) allow time to obtain affidavits or declarations or to take discovery; or

          (3) issue any other appropriate order.~~On motion under this rule if judgment is not rendered on the whole case or for all the relief asked and a trial or the taking of testimony and a final hearing is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, must ascertain, if practicable, what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It must then make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. On the trial or final hearing of~~

the action the facts so specified shall be deemed established, and the trial or final hearing shall be conducted accordingly.

(e) ~~Form of Affidavits; Further Testimony.~~**Failing to Properly Support or Address a Fact.**  If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by rule 1.510(c), the court may:

(1) give an opportunity to properly support or address the fact;

(2) consider the fact undisputed for purposes of the motion;

(3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or

(4) issue any other appropriate order.~~Supporting and opposing affidavits must be made on personal knowledge, must set forth such facts as would be admissible in evidence, and must show affirmatively that the affiant is competent to testify to the matters stated therein.  Sworn or certified copies of all documents or parts thereof referred to in an affidavit must be attached to it or served with it.  The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or by further affidavits.~~

(f) ~~When Affidavits Are Unavailable.~~**Judgment Independent of the Motion.**  After giving notice and a reasonable time to respond, the court may:

(1) grant summary judgment for a nonmovant;

(2) grant the motion on grounds not raised by a party; or

(3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.~~If it appears from the affidavits of a party opposing the~~

- 8 -

~~motion that the party cannot for reasons stated present by affidavit facts essential to justify opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.~~

**(g)** ~~**Affidavits Made in Bad Faith.**~~**Failing to Grant All the Requested Relief.** If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact—including an item of damages or other relief—that is not genuinely in dispute and treating the fact as established in the case.~~If it appears to the satisfaction of the court at any time that any of the affidavits presented under this rule are presented in bad faith or solely for the purpose of delay, the court must immediately order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused the other party to incur, including reasonable attorneys' fees, and any offending party or attorney may be adjudged guilty of contempt.~~

**(h) Affidavit or Declaration Submitted in Bad Faith.** If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court—after notice and a reasonable time to respond—may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.

## Commentary

**2021 Amendment.** This rule is amended to correspond with Florida Rule of Civil Procedure 1.510, which was recently amended to adopt almost all the text of Federal Rule of Civil Procedure 56.