85 So.2d 133 (1956)
Charles VANN and Indemnity Insurance Company of North America, a corporation, Petitioners,
v.
STATE of Florida, Respondent.
Supreme Court of Florida. Special Division A.
February 3, 1956.
*135 William McHardy Berson, of Sanders, McEwan & Berson, Orlando, and Truman E. Grason, of Grason & Blankner, Orlando, for Charles Vann.
William McHardy Berson, of Sanders, McEwan & Berson, Orlando, for Indemnity Insurance Co. of North America, petitioners.
Richard W. Ervin, Atty. Gen., and Joseph P. Manners, Asst. Atty. Gen., for respondent.
HOBSON, Justice.
Charles Vann and the Indemnity Insurance Company of North America bring this petition for certiorari to review an order of the Orange County Criminal Court of Record denying petitioners' motions to quash a certain subpoena duces tecum which had been issued by that court at the instance of the County Solicitor.
The litigation grows out of a collision between automobiles driven by Charles Vann and one Dora Lyon on December 11, 1954, in which a fatality occurred. A warrant was issued for Vann's arrest for culpable negligence in connection with this accident, and an investigation was instituted. Acting pursuant to F.S. § 32.20, F.S.A., the County Solicitor caused two subpoenas duces tecum to issue. One was addressed to the petitioner insurance company. The other was addressed to one Robert Carreker, who established by an uncontroverted affidavit that he had none of the desired documents in his possession, custody or control. Carreker is not a petitioner, and the subpoena addressed to him need not be further considered. Vann received no subpoena, but his standing to participate in the proceedings was apparently not questioned below, nor is it contested here, and because of the view we take of the case no issue need be made of it.
*136 The subpoena addressed to the insurance company commanded it to bring "any books, papers, statements, photographs or other documents which it may have in its possession or control relative to an automobile collision which occurred between vehicles driven by Charles Vann and Dora Lyon on December 11th, 1954." Petitioners moved to quash this subpoena on numerous grounds, and the motions were accompanied by affidavits. At the hearing, petitioners offered to produce before the court all instruments or records referred to in the subpoena for the court's inspection, and offered themselves for cross-examination (the insurance company acting by its General Agent, one Marion Lee) but these offers were declined by the trial judge, who denied the motions to quash without taking testimony or examining the documents.
No point is raised with respect to the designation of the insurance company as recipient of the subpoena, and we therefore do not consider it. Petitioners first contend that the demands of the subpoena are too broad and indefinite, and hence unreasonable.
It is universally agreed that a subpoena duces tecum must specify with reasonable particularity the documents sought to be produced, in order that the witness may be informed what is required of him and may intelligently obey the command of the subpoena. See the cases from all jurisdictions collected in the annotation in 23 A.L.R.2d at page 867 et seq., including State ex rel. Everglades Cypress Co. v. Smith, 104 Fla. 91, 139 So. 794. This requirement may be satisfied if the categories of documents desired are stated, along with a reasonable period of time covered by the documents and a statement of the subject matter to which the documents pertain. See Brown v. United States, 276 U.S. 134, 48 S.Ct. 288, 72 L.Ed. 500. Of course, the application of these rules depends upon the facts and circumstances of the particular case.
In the present matter, the documents were categorized very broadly, and nothing was designated with particularity except the subject matter. We would entertain a serious doubt as to the validity of this subpoena, were it not for the saving circumstance that the documents were in fact offered for the court's examination, indicating that it was understood what documents were referred to. This is a relevant circumstance to be considered on an application of this nature. See Brown v. United States, supra; Interstate Engineering Co. v. Archer, 64 Wash. 629, 117 P. 470.
Petitioners assert, and we agree, that proper practice in a case of this nature requires the trial court to examine the subpoenaed documents, on application of the witness, to determine their relevancy. Otherwise, a legal conclusion would be required of the witness in the course of complying with the subpoena. The common law rule, to which we adhere, is well stated in 70 C.J., Witnesses, Sec. 42, p. 55. There it is said that the court, in a proper case, should examine a controversial document to determine whether it is "prima facie sufficiently relevant to justify enforcing its production; but the subpoena should not be quashed or set aside, on the ground that the evidence called for by it is not relevant or material, in a close or doubtful case, but only where the futility of the process to uncover anything useful or legitimate is inevitable or obvious."
In connection with relevancy, a further hurdle remains to be surmounted in this case, however, in that no issues have yet been framed, and it cannot now be finally determined what will be material and relevant. Here, then, the test to be applied by the trial judge must be slightly modified. In considering the documents whose relevancy is contested, the trial judge should require production only of those documents which are at least "prima facie not irrelevant to some probable issue in the cause." Ex parte Monroe County Bank, 254 Ala. 515, 49 So.2d 161, 23 A.L.R.2d 856. This is the test of relevancy which must be applied upon remand of this cause.
Petitioners next contend that enforcement of the subpoena would amount *137 to an unreasonable search and seizure forbidden by the Fourth Amendment to the Constitution of the United States and Section 22 of the Declaration of Rights of the Florida Constitution, F.S.A. and would also violate the self-incrimination privilege afforded by the Fifth Amendment to the Constitution of the United States and Section 12 of the Declaration of Rights of the Florida Constitution. Of course, the Fourth and Fifth Amendments to the federal Constitution offer direct protection to the citizen only against unlawful action by agents of the federal government. They safeguard the citizen from unlawful invasions by agents of the state only indirectly, through the medium of the due process clause of the Fourteenth Amendment. In other words, it is the Fourteenth Amendment, and not the Fourth and Fifth, which affords a federally protected right to the citizen to be free from unreasonable searches and seizures, and from violation of the self-incrimination privilege, by a state or its agencies. And this federally protected right should be recognized for what it is, a component part of the concept of "due process of law". As to the operation of this concept with respect to searches and seizures by agents of the state, see Wolf v. People of State of Colorado, 338 U.S. 25, 69 S.Ct. 1359, 93 L.Ed. 1782; as to self-incrimination, see Adamson v. People of State of California, 332 U.S. 46, 67 S.Ct. 1672, 91 L.Ed. 1903, and Rochin v. People of State of California, 342 U.S. 165, 72 S.Ct. 205, 96 L.Ed. 183, as explained in Irvine v. People of State of California, 347 U.S. 128, 74 S.Ct. 381, 98 L.Ed. 561.
Thus viewed, the question on the federal level is whether or not either of the petitioners has been denied due process of law in the proceedings we are reviewing. The answer must be in the negative. Vann is not under subpoena, nor is it intimated in this record that he has any documents in his own possession or control. The processes of law have hardly touched him at this stage. The insurance company does not raise the possibility of its own incrimination, and could not do so in any event, because a corporation has no self-incrimination privilege. Wilson v. United States, 221 U.S. 361, 31 S.Ct. 538, 55 L.Ed. 771, see also Shapiro v. United States, 335 U.S. 1, 68 S.Ct. 1375, 92 L.Ed. 1787. And the corporation may not raise the self-incrimination privilege on Vann's behalf, because the privilege is for the personal protection of the claimant and may not be invoked on behalf of anyone else. Hale v. Henkel, 201 U.S. 43, 26 S.Ct. 370, 50 L.Ed. 652; United States v. Field, 2 Cir., 193 F.2d 92, certiorari denied 342 U.S. 894, 72 S.Ct. 202, 96 L.Ed. 670. There is no search and seizure amounting to a denial of due process as to Vann for the same reasons we have given above.
As to the insurance company, compare Silverthorne Lumber Co. v. United States, 251 U.S. 385, 40 S.Ct. 182, 64 L.Ed. 319, where, had a subpoena been obtained in the first instance, no problem would have been presented.
On the state level, the question is whether the protection directly afforded by Sections 12 and 22 of the Declaration of Rights against self-incrimination and unreasonable searches and seizures, respectively, may be invoked on this record. Again, the answer must be in the negative. Vann cannot complain, because no documents are shown to be in his possession or control. Compare State ex rel. Byer v. Willard, Fla., 54 So.2d 179, where the documents seized were in the possession of relators. As for the insurance company, compare State ex rel. Losey v. Willard, Fla., 54 So.2d 183. On the showing made below, there is no valid constitutional objection, either state or federal, to the procedure which was followed.
Finally, petitioners claim an attorney-client relationship, based upon an uncontroverted affidavit filed by the general agent for the insurance company, which reads in part as follows:
"That each of the items listed in said subpoena duces tecum were obtained by and are in the possession of the aforesaid company under and by virtue of its duties and obligations arising out *138 of its policy of insurance number MV 558431, the same being an automobile liability insurance policy, pursuant to its duties therein provided to defend certain suits that might be brought by reason of automobile accidents; that said items were prepared for the use of attorneys in the defense of persons insured under said policy, including Charles Vann, and are in the possession of such attorneys for said purpose.
"That by the terms of said policy, the said company was entitled to the full cooperation of the said Charles Vann in furnishing to it information with regard to the facts and circumstances of such accident and that such items were obtained and prepared in line with the aforesaid mutual obligations of the insurance company and the said Charles Vann." (Italics added).
This position of petitioners is well taken. In a recent annotation at 22 A.L.R.2d 659, 660, it is stated:
"According to the weight of authority, a report or other communication made by an insured to his liability insurance company, concerning an event which may be made the basis of a claim against him covered by the policy, is a privileged communication, as being between attorney and client, if the policy requires the company to defend him through its attorney, and the communication is intended for the information or assistance of the attorney in so defending him." (Italics added).
Although the precise question has never before been passed upon by this court, we accept the rule stated without hesitation, because it is entirely consistent with the views we expressed in Seaboard Air Line R. Co. v. Timmons, Fla., 61 So.2d 426, and with our adoption of Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451; in Atlantic Coast Line R. Co. v. Allen, Fla., 40 So.2d 115. See also McGee v. Cohen, Fla., 57 So.2d 658, and cases therein cited. Thus not only communications between Vann and the insurance company, for the use of the attorney, are covered by the privilege, but also documents representing the work product of the attorney or his agents. It is the task of the trial judge to examine the documents and to determine whether, if "prima facie not irrelevant", under the test stated earlier in this opinion, they fall within or without the privilege.
The writ is granted, the challenged order quashed, and the cause remanded for further proceedings not inconsistent with this opinion.
DREW, C.J., and TERRELL and O'CONNELL, JJ., concur.