247 So.2d 474 (1971)
The GRAND UNION COMPANY, a Delaware Corporation, Petitioner,
v.
Ann PATRICK, Respondent.
No. 71-32.
District Court of Appeal of Florida, Third District.
April 20, 1971.
*475 West, Goldman & Weisberg, Miami, for petitioner.
Kneale, Roberts, Kneale, Starkweather & Henderson, Miami, for respondent.
Before PEARSON, C.J., and CHARLES CARROLL and HENDRY, JJ.
CARROLL, Judge.
By certiorari the defendant below seeks review of a discovery order for production. The respondent Ann Patrick filed an action for damages for personal injuries sustained when she fell on the store premises of the petitioner while there as a customer, alleging breach of duty by the defendant to maintain the premises in reasonable safe condition.
Prior to trial the plaintiff filed a motion for an order requiring the defendant to produce "any and all accident reports which were filed by Mr. D.E. Wesgate, general manager, in the normal course of business, and in relation to that certain accident which occurred on February 25, 1969." The motion contained no reason or ground therefor, and no good cause was shown or attempted to be shown in the motion.
Rule 1.350 F.R.C.P., 30 F.S.A., dealing with motions to produce, requires that such motion shall show good cause, viz: "On motion of any party showing good cause therefor and upon notice to all parties * * * the court in which an action is pending may (1) order any party to produce. * * *."
It is argued on behalf of the respondent that the failure of the motion to state or show good cause was not material because reference to the pleadings should be sufficient to disclose a need or cause therefor. That argument is unsound. The requirement in the rule that such a motion to produce should show good cause is clear and appears mandatory. The motion in this case failed to conform to the requirement of the rule in that respect.
The record, including certain affidavits filed in the cause, shows that the document which it was sought to have produced was a report by the defendant to its insurer, for investigation by the latter incident to fulfillment of its obligation to defend on behalf of the insured. Such a report is privileged. See Vann v. State, Fla. 1956, 85 So.2d 133. Compare Winn Dixie Stores, Inc. v. Belcher, Fla.App. 1962, 144 So.2d 863. The principle under which such reports by an insured to its insurer are privileged is that they are considered relevant to defense of the action and in effect are communications between attorney and client, being information which is to benefit the defense of the cause by counsel, passing through the insurer to counsel. See Annotation 22 A.L.R.2d 659, 660-662.
For the reasons stated certiorari is granted, and the order to produce which is the subject of review in this proceeding is hereby quashed.
It is so ordered.