BARKDULL, Judge.
Petitioners seek to have this court overturn a trial court’s order denying their motions to quash.
During December of 1976, the respondent, Dade County State Attorney’s Office [in the course of investigation of possible crimes], issued subpoenas duces tecum to the “Custodian of Records of Hernandez Properties, Inc.”, directing the eleven specific types of records of the respondent corporation be produced, as follows:
* * * * * *
“1. All corporate books, including but not limited to, the General Ledger and Cash Disbursement Journals.
“2. All corporate memoranda submitted to members of the sales staff.
“3. Corporate financial statements of the said corporation.
“4. All corporate documents, including tax records, which identify the employees of the said corporation, the duration of their employment, and their earnings in 1973, 1974, 1975, and 1976.
“5. Corporate income tax reports of the said corporation for the years 1974 and 1975.
“6. All cancelled corporate checks, bank statements, invoices, and other support *794 ing documents relating to these disbursements or copies thereof, reflecting the expenditures of the said corporation.
“7. Any corporate documents including contracts, receipts, bills, invoices, etc., for the purchase and sale of business machines in your inventory from January 1, 1976 to present.
“8. Corporate stock record books.
“9. Corporate minute books.
“10. Any and all corporate accounts, contracts, cancelled checks, or the like, which identify customers of the said corporation, and establish the nature of the transactions of the corporation.
“11. Any list or lists of customers of the said corporation.”
The petitioner filed motions to quash, asserting inter alia that the subpoenas violated the Fourth and Fifth Amendments to the United States Constitution and provisions of the Florida Constitution. The trial court denied the motions, stating that the subject subpoenas duces tecum were not overly broad and not violative of the Constitutions.
We find no departure from the essential requirements of the law as to the trial judge’s ruling on the documents required in Numbers 4, 5, 7, 8, and 9 listed above, but we do find that the requests contained in Numbers 1, 2, 3, 10, and 11 to be overly broad, are not definite as to subject matter, and are too expansive in not containing any time limitations. Vann v. State, 85 So.2d 133 (Fla.1956); Imparato v. Spicola, 238 So.2d 503 (Fla. 2nd D.C.A. 1970). In the latter cited case, the following is found at p. 511:
“A subpoena duces tecum may not lawfully require the production of a mass of books and papers, merely so that one may search through them to gather evidence; and an omnibus subpoena for all, or even a substantial part, of the books or records of the subpoenaed party is invalid. 97 C.J.S. Witnesses § 25h, p. 391. Such a subpoena which is unreasonable and oppressive violates the constitutional guaranty, as where it is of too broad and sweeping a character. Hence, the books and papers of which production is compelled must be specifically described so that they may be identified and the information sought indicated. 79 C.J.S. Searches and Seizures § 36, p. 802.”
* * * * * *
Therefore, we find that the trial judge departed from the essential requirements of law in requiring production in accordance with these requests, and quash so much of his order as relates to Numbers 1, 2, 3, 10, and 11 identified above.
Before BARKDULL, HAVERFIELD and NATHAN, JJ.