GRIMES, Chief Judge.
Petitioner seeks a writ of certiorari to reverse an interlocutory orden compelling her former attorney to answer questions on deposition. She contends that the order violates her attorney-client privilege. We agree. We grant the petition and issue the writ.
This is the second certiorari petition which the discovery stage of the litigation between respondent and petitioner has spawned. See Roberts v. Jardine, 358 So.2d 588 (Fla. 2d DCA 1978). As noted in our first opinion, this controversy revolves around respondent’s claim that petitioner made a tape recording of a certain telephone conversation between the parties without respondent’s knowledge. William J. Terry, petitioner’s attorney in a previous action, played this recording during a deposition of respondent in that action. After learning of the existence of the recording, respondent filed a complaint seeking damages from petitioner. She based her action on Section 934.10, Florida Statutes (1977), which authorizes damages for the wrongful interception of oral communications.
Subsequently, respondent took the deposition of attorney Terry at which time counsel for respondent asked Mr. Terry the following questions:
1) How did you acquire this tape?
2) How did you know it was made in March of 1976?
3) Was it made at your request?
4) Are you aware that this tape was going to be made prior to it being made?
5) Did Mae Roberts make the tape?
6) Do you know how the tape was made?
7) Do you know where the tape was made?
Petitioner’s present counsel objected to each of the questions on the grounds that the answers thereto would violate petition *126 er’s attorney-client privilege and instructed Terry not to answer. Respondent filed a motion to compel Mr. Terry to answer the questions, and the trial court granted the motion.
In requiring Terry to answer the questions without regard to the attorney-client privilege, the court departed from the essential requirements of the law. The attorney-client privilege is recognized in Florida and exists to protect and keep secret the communications which a client makes to his or her attorney. Anderson v. State, 297 So.2d 871 (Fla. 2d DCA 1974). Petitioner is entitled to prevent Mr. Terry from giving any answers which would violate that privilege.
We note, however, that respondent may still be able to require Mr. Terry to answer questions concerning the tape recording. Any consultations between client and attorney concerning the planning of a crime are not privileged and may be the subject of discovery. Leithauser v. Harrison, 168 So.2d 95 (Fla. 2d DCA 1964). Thus, since Section 934.03, Florida Statutes (1977), makes the interception and disclosure of wire or oral communications illegal, any communications between petitioner and her attorney in planning the taping of the phone conversation would be discoverable. With respect to the procedure to be followed in attempting to meet the burden of overcoming the attorney-client privilege, see Leithauser v. Harrison, supra; I.T.T. v. United Telephone Co., 60 F.R.D. 177 (M.D.F.1973); McCormick on Evidence, Section 95 (2d ed. 1972).
We hereby quash the order compelling Mr. Terry to answer the enumerated questions.
BOARDMAN and SCHEB, JJ., concur.