397 So.2d 764 (1981)
AFFILIATED OF FLORIDA, INC., a Florida Corporation, Petitioner,
v.
U-NEED SUNDRIES, INC., Richmond Wholesale Company, Inc., an Indiana Corporation, Alvin R. Scheidt and Irma A. Scheidt, Respondents.
No. 80-2361.
District Court of Appeal of Florida, Second District.
May 1, 1981.
Marvin E. Barkin and Robert H. Buesing of Trenam, Simmons, Kemker, Scharf, Barkin, Frye & O'Neill, P.A., Tampa, for petitioner.
Philip Greenstein of Andrews, Shames & Greenstein, St. Petersburg, for respondents.
*765 GRIMES, Judge.
By a petition for a writ of certiorari, the defendant in the court below assails a discovery order which, it contends, violates its attorney-client and accountant-client privileges.
U-Need Sundries, Inc., Richmond Wholesale Company, and Alvin and Irma Scheidt, the respondents in this court, filed suit against petitioner, Affiliated of Florida, Inc., for breach of an oral contract to purchase a business known as Sun City Wholesale. The amended complaint alleged that the parties entered into this oral contract at the conclusion of a two-day meeting held in October 1976. After instituting this action, respondents subpoenaed Daniel J. Bartz, Affiliated's certified public accountant, for deposition. At the deposition, Mr. Bartz, who had been present at the October 1976 meeting, testified concerning the meeting. However, when respondents' counsel attempted to question him about a confidential memorandum concerning the meeting which he prepared for Affiliated, he refused to answer on instructions from Affiliated's counsel, claiming that the memorandum was privileged.
Subsequently, respondents filed a request for production of documents, seeking Mr. Bartz' memorandum as well as all materials contained in the files of Affiliated's attorneys which related to the proposed purchase of Sun City by Affiliated. Affiliated refused to produce the Bartz memorandum, claiming accountant-client privilege. It also refused to turn over a portion of its attorneys' files on the grounds of attorney-client privilege. In response to Affiliated's actions, respondents filed a motion for an in camera inspection of documents. They asked the court, pursuant to section 90.510, Florida Statutes (1979),[1] to inspect the documents which Affiliated had withheld and to strike from Affiliated's amended answer to their complaint those defenses which the documents would rebut.
The court held a hearing on the motion at which it ruled that section 90.510 was inapplicable since the Florida Evidence Code applies only to civil actions accruing after July 1, 1979,[2] and respondents' cause of action accrued before that time. However, at respondents' request, the court permitted them to present authorities under precode law. After an exchange of memoranda, the court then entered an order granting the motion for an in camera inspection of the Bartz memorandum. Though not quite so clear, the in camera inspection seems also intended to include any documents from the attorneys' files which might be in the hands of Affiliated. The court ruled, however, that it would not inspect the documents in the hands of the attorneys because they had not been served with a subpoena duces tecum. The order contained no reference to the legal merit of Affiliated's claims of privilege.
Affiliated filed a petition for writ of certiorari seeking review of the court's order. We will entertain the petition because certiorari is a proper remedy where a party seeks protection from discovery orders compelling disclosure. E.g. Kilgore v. Bird, 149 Fla. 570, 6 So.2d 541 (1942). We hold that the documents which Affiliated seeks to protect from disclosure are privileged. Further, we hold that under the law as it existed prior to the evidence code, the court would have no authority to strike Affiliated's defenses for failure to produce the privileged documents. Accordingly, there is no justification for an in camera inspection.
Section 473.141(1), Florida Statutes (1975), protects communications between certified public accountants or public accountants and their clients. It reads as follows:
(1) All communications between a certified public accountant or public accountant *766 and the person for whom such certified public accountant or public accountant shall have made any audit or other investigation in a professional capacity, and all information obtained by a certified public accountant and public accountant in his professional capacity concerning the business and affairs of a client, shall be deemed privileged communications in all of the courts of this state, and no such certified public accountant or public accountant shall be permitted to testify with respect to any of said matters, except with the consent in writing of such client or his legal representative.
Clearly under this section, Affiliated could refuse to produce the confidential memorandum which Mr. Bartz, acting as its accountant, prepared for it. Respondents submit, however, that Affiliated has waived its right to the privilege because it allowed Mr. Bartz to testify on deposition concerning the October 1976 meeting. This argument is without merit since there were many questions which Mr. Bartz was obligated to answer. Because respondents were present at the crucial meeting in October of 1976, Mr. Bartz had no basis for invoking a privilege about what occurred at that time.
There is also an attorney-client privilege which would protect confidential communications between Affiliated and its attorneys. Roberts v. Jardine, 366 So.2d 124 (Fla.2d DCA 1979); Anderson v. State, 297 So.2d 871 (Fla.2d DCA 1974). The fact that some of the documents containing those communications may be in Affiliated's possession instead of that of its attorneys makes no difference. "The privilege rule would be of no value if it might be evaded by compelling the client to disclose that which the attorney is bound to withhold." 3 S. Gard, Jones on Evidence 766 (6th ed. 1972). Cf. Associated Medical Institution, Inc. v. Trube, 394 So.2d 563 (Fla.3d DCA 1981), in which the court held that a party could not be compelled to produce his attorney's work product.
Respondents do not suggest that the communications between Affiliated and its attorneys were not confidential. However, they contend that Affiliated waived the privilege because it allowed its attorneys to produce a part of their files. As with respondents' earlier waiver argument, this one also misses the mark. Clearly, Affiliated's attorneys had a duty to disclose any portions of their file which the attorney-client privilege did not protect. This could not constitute a waiver of their right not to disclose documents which were privileged.
Respondents also contend that even under precode law, the court had the authority to strike those of Affiliated's defenses to which the privileged documents related. The respondents reason by analogy to certain civil cases in which the courts have stricken the pleadings of a party who refused to respond to discovery on grounds of self-incrimination. E.g. Stockham v. Stockham, 168 So.2d 320 (Fla. 1964). This argument is without merit because there is a substantial distinction between a person claiming the right to refuse to incriminate himself and claiming a privilege not to disclose confidential communications with his attorney or accountant. The first is predicated upon the guarantees of the fifth amendment while the latter is designed to carry out the public policy of being able to consult an attorney or accountant without fear that the resultant communications may become public.
We grant certiorari and quash the order for an in camera inspection.
BOARDMAN, Acting C.J., and DANAHY, J., concur.
NOTES
[1] 90.510 Privileged communication necessary to adverse party.  In any civil case or proceeding in which a party claims a privilege as to a communication necessary to an adverse party, the court, upon motion, may dismiss the claim for relief or the affirmative defense to which the privileged testimony would relate. In making its determination, the court may engage in an in camera inquiry into the privilege.
[2] § 90.103(2), Fla. Stat. (1979).