418 So.2d 404 (1982)
Steve STATON and West American Insurance Company, Petitioners,
v.
ALLIED CHAIN LINK FENCE COMPANY, Respondent.
No. 81-2155.
District Court of Appeal of Florida, Second District.
August 18, 1982.
*405 Donald V. Bulleit of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., St. Petersburg, for petitioners.
David J. Kadyk, Ted R. Manry, III, and Timothy S. Condon of Macfarlane, Ferguson, Allison & Kelly, Tampa, for respondent.
OTT, Chief Judge.
By certiorari, the petitioners seek review of an order compelling discovery. We find that the statements sought to be discovered are protected by the attorney-client privilege; therefore, we quash the order compelling discovery.
Kimberly Clark, plaintiff below, filed an action for damages for personal injuries sustained when she fell into a chain link fence. Petitioners and respondent herein are defendants below; Steve Staton owns the property upon which the fence is located, West American Insurance Company is Staton's insurer, and Allied Chain Link Fence installed the fence some twelve years ago. Staton and Allied have cross-claimed against each other seeking indemnity or contribution.
A major question in the case is whether Staton or Allied caused the fence to be installed with barbs in an upward position. The files and records of Allied dealing with the Staton installation had been destroyed in the normal course of business. Either the employees of Allied who took the Staton order and made the installation could not be identified, or the instruction of Staton with regard to the specification, if any, of barb direction could not be recalled independent of the records. Staton testified under oath that he never discussed the positioning of the barbs with Allied, but Allied challenged the truthfulness of this statement and moved to compel discovery of communications between Staton and a representative of West American limited to conversations Staton had with Allied when the fence was installed. Allied argues that the statements sought to be discovered are not within the ambit of the attorney-client privilege, being only protected by the work product doctrine. This doctrine protects materials prepared in anticipation of litigation. Allied further asserts that the statements fall within the impeachment exception to the work product doctrine. Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947); Miami Transit Co. v. Hurns, 46 So.2d 390 (Fla. 1950).
Allied's arguments are not persuasive. The record reveals that the communications were made by Staton to his insurer for use by the latter in connection with fulfilling its obligation to defend on behalf of Staton. Under the law of Florida, such communications between an insured and its insurer made for the information and benefit of the attorney defending the insured fall within the attorney-client privilege and are not *406 subject to discovery. Vann v. State, 85 So.2d 133 (Fla. 1956); Grand Union Co. v. Patrick, 247 So.2d 474 (Fla. 3d DCA 1971).
It concerns us that Staton might have testified under oath that he never discussed the barbs with Allied, while telling the representative of West American another story. However, since the statement is protected by the attorney-client privilege, it is undiscoverable except in the rarest of circumstances. Affiliated of Florida, Inc. v. U-Need Sundries, Inc., 397 So.2d 764 (Fla. 2d DCA 1981) (waiver); Anderson v. State, 297 So.2d 871 (Fla. 2d DCA 1974) (contemplation of a crime or perpetration of a fraud).
The work product doctrine is something separate and apart from the attorney-client privilege. Hickman v. Taylor, 329 U.S. at 508, 67 S.Ct. at 392. We have not been made aware of any exception to the absolute privilege accorded attorney-client communications apart from those listed above. Neither have we been pointed to any decision that suggests a waiver might be implicit from Staton's having put his statement in issue.
For the reasons stated, the order compelling discovery represents a departure from the essential requirements of law; therefore, certiorari is GRANTED and said order is QUASHED.
GRIMES and SCHOONOVER, JJ., concur.