963 So.2d 908 (2007)
Donna Wolf REYNOLDS, Petitioner,
v.
STATE of Florida, Respondent.
No. 2D07-574.
District Court of Appeal of Florida, Second District.
August 29, 2007.
*909 William B. Fletcher of Fletcher & Pipkin, an association of P.A.s, Sebring, for Petitioner.
Bill McCollum, Attorney General, Tallahassee, and Cerese Crawford Taylor, Assistant Attorney General, Tampa, for Respondent.
SILBERMAN, Judge.
Donna Wolf Reynolds seeks certiorari review of a nonfinal order denying a motion for a protective order and to quash a subpoena. The subpoena required her insurance company to produce a transcript of an examination under oath that Reynolds submitted to for her insurance company. We grant the petition on the basis of the attorney-client privilege.
On May 25, 2006, the State charged Reynolds with throwing a deadly missile into an occupied vehicle and aggravated battery based on an incident that occurred on April 27, 2006. Florida Farm Bureau (FFB) insures Reynolds, and the policy may provide coverage to her for civil damages that the other individual in the April incident allegedly suffered. As part of its investigation of the incident, FFB invoked the terms and conditions of its policy with Reynolds and required her to submit to an examination under oath. Present at the examination under oath on July 31, 2006, were Reynolds, her criminal defense counsel, William Fletcher, and the FFB claims adjuster. Fletcher objected to the examination under oath and initially attempted to invoke Reynolds' Fifth Amendment right against self-incrimination, but then he allowed her to answer the questions.[1]
After learning that FFB had conducted an examination under oath, the State issued a subpoena duces tecum to FFB and sought the transcript of the examination for use in the criminal prosecution. FFB and Reynolds objected to the production of the transcript, and FFB filed a motion, in which Reynolds joined, citing the work-product and attorney-client privileges and also asserting the Fifth Amendment privilege against self-incrimination. After a hearing, the trial court denied the motion for protective order and to quash the subpoena and ordered FFB to release the transcript to the State. In its order, the court addressed the work-product privilege and the Fifth Amendment privilege but failed to address the attorney-client privilege. On certiorari review, Reynolds claims that the attorney-client privilege is applicable and that the trial court should have quashed the subpoena.
To be entitled to certiorari relief regarding a nonfinal order granting discovery, the petitioner must show "`(1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the trial (3) that cannot be corrected on postjudgment appeal.'" Fassy v. Crowley, 884 So.2d 359, 363 (Fla. 2d DCA 2004) (quoting Parkway Bank v. Fort Myers Armature Works, Inc., 658 So.2d 646, 648 (Fla. 2d DCA *910 1995)). Prongs two and three of the test are jurisdictional. Id. Here, the jurisdictional prongs are met in that disclosure of the transcript of the examination under oath would result in material injury that cannot be corrected on postjudgment appeal. Thus, the issue is whether the trial court departed from the essential requirements of the law in allowing the discovery.
We note that the State is incorrect in its assertion that Reynolds did not raise the issue of attorney-client privilege before the trial court. In FFB's motion and at the hearing on the motion, counsel for FFB addressed the attorney-client privilege based upon Fletcher, Reynolds' criminal defense counsel, being present at the examination under oath. During the hearing, FFB's counsel also argued that the attorney-client privilege was not waived. Fletcher, who was present at the hearing, argued the Fifth Amendment privilege. At Fletcher's request, the court allowed the parties ten days to provide memoranda and additional case law.
Reynolds' counsel filed a memorandum, arguing that the trial court should quash the subpoena duces tecum "because the material requested constitutes attorney client privileged communications." Counsel quoted from Vann v. State, 85 So.2d 133, 138 (Fla.1956) (quoting J.E. Macy, Annotation, Privilege of Communications or Reports Between Liability or Indemnity Insurer and Insured, 22 A.L.R.2d 659, 660 (1952)), including the following portion:
"According to the weight of authority, a report or other communication made by an insured to his liability insurance company, concerning an event which may be made the basis of a claim against him covered by the policy, is a privileged communication, as being between attorney and client, if the policy requires the company to defend him through its attorney, and the communication is intended for the information or assistance of the attorney so defending him."

(Emphasis added.) Reynolds' counsel added that "[t]he policy does require the company to defend her and the communication is intended for the information or assistance of the attorney in defending her." In FFB's original motion in which Reynolds joined, FFB asserted that the examination under oath "was taken as part of FFB's investigation of the alleged incident." FFB also noted that the examination "was taken in part to determine whether the insurer, FFB, might deny coverage or reserve its rights[.]"
Section 90.502, Florida Statutes (2006), provides that communications between a client and a lawyer for the purpose of the client obtaining legal services or the lawyer rendering legal services are privileged, with narrow exceptions. In Vann, the Florida Supreme Court recognized that a communication from the insured to the liability insurance company is privileged if the communication is intended for the purpose of assisting the insurance company's attorney in defending the insured. 85 So.2d at 138. Vann did not state that it involved an examination under oath, and neither did Staton v. Allied Chain Link Fence Co., 418 So.2d 404 (Fla. 2d DCA 1982), the other case that Reynolds relies upon in her petition. However, these cases stand for the general proposition that included within the attorney-client privilege are communications the insured makes to the insurer for its use to fulfill its obligation to defend on the insured's behalf. Vann, 85 So.2d at 138; Staton, 418 So.2d at 405-06.
In Grand Union Co. v. Patrick, 247 So.2d 474 (Fla. 3d DCA 1971), the plaintiff sought production of an accident report that the insured provided to the insurance company regarding the plaintiff's fall on the insured store's premises. Citing *911 Vann, the court held that the report was privileged because it was made by the insured "to its insurer, for investigation by the latter incident to fulfillment of its obligation to defend on behalf of the insured." Id. at 474. The Grand Union court explained as follows:
The principle under which such reports by an insured to its insurer are privileged is that they are considered relevant to defense of the action and in effect are communications between attorney and client, being information which is to benefit the defense of the cause by counsel, passing through the insurer to counsel.
Id.; see also 17A Lee R. Russ, et al., Couch on Insurance 3d § 250:19 (2000) (citing Vann and Grand Union as representing "[w]hat appears to be a majority view . . . that the attorney-client privilege applies to communications between an insured and its liability or indemnity insurer as to an incident possibly giving rise to liability covered by the policy").
We recognize that the circumstances of FFB's examination of Reynolds may reflect some adversarial characteristics. The presence of Reynolds' criminal defense counsel and his initial attempt to invoke his client's Fifth Amendment rights lends an adversarial element to the communications regarding whether coverage exists. But Reynolds ultimately submitted to the examination under oath to comply with her obligations under the insurance policy. The examination is part of the insurer's fact-gathering for the dual purposes of (1) defending the insured and (2) determining whether the policy covers the incident giving rise to the claim against the insured. If the insurer denies its duty to defend or denies coverage, then a true adversarial relationship may exist. Here, Reynolds gave the examination under oath as required in a cooperative effort between the insured and the insurer. Pursuant to Vann, Staton, and Grand Union, the attorney-client privilege is applicable under these circumstances.
Therefore, we conclude that the trial court departed from the essential requirements of the law in allowing the discovery. We grant Reynolds' petition and quash the trial court's order that requires FFB to release the transcript of the examination under oath.
Petition granted and order quashed.
WHATLEY, J., and ANDREWS, HORACE A., Associate Senior Judge, Concur.
NOTES
[1] FFB's counsel recognized at the hearing on the motion for protective order and to quash subpoena that Reynolds answered the questions because she "understood that if she did not sit for the examination under oath that she would be potentially waiving her insurance coverage."