987 So.2d 135 (2008)
Robert Cyrus NUCCI, Petitioner,
v.
Kathryn "Kate" NUCCI, Respondent.
No. 2D07-3717.
District Court of Appeal of Florida, Second District.
July 11, 2008.
*136 Caroline K. Black of Sessums Mason Black & Caballero, P.A., Tampa, and Ingrid Anderson, Clearwater, for Petitioner.
Stanford R. Solomon of The Solomon Tropp Law Group, P.A., Tampa, for Respondent.
NORTHCUTT, Chief Judge.
The circuit court denied the lion's share of a motion by Robert Nucci to conditionally seal financial documents in a pending proceeding to dissolve his marriage to Kathryn Nucci. We grant his petition for a writ of certiorari and quash the order.
Because their gross annual income exceeded $50,000, in the dissolution case Dr. and Mrs. Nucci were required to file family law financial affidavits, which they did. See Fla. Fam. L.R.P. 12.285(d). In addition, a case management order directed the parties to "file and serve," among other items, either pay stubs or "W-2s and 1099s" covering a stated time period. (Notably, rule 12.285(d) requires filing of only the financial affidavits; the rule requires service, not filing, of the remaining items. Neither party, however, objected to the case management order.) Mrs. Nucci filed W-2s and also filed joint federal income tax returns for 2004 and 2005.
Dr. Nucci is a successful surgeon with a lucrative practice limited to patients involved in personal injury litigation. His fees are paid from the litigation proceeds pursuant to letters of protection from the patients' personal injury attorneys. After the above-mentioned financial documents were filed in the Nuccis' divorce case, a defense attorney in a personal injury action took the deposition of Dr. Nucci as treating physician of the plaintiff. During the deposition the defense attorney questioned Dr. Nucci regarding financial information that had been obtained from the case file in the dissolution of marriage proceeding.
Dr. Nucci then sought to conditionally seal the financial records in the dissolution case, and Mrs. Nucci did not oppose the motion. But after two hearings, the circuit court agreed only to redact social security numbers from the filed documents; otherwise the court denied the motion to seal, stating that it did not have the discretion to do more. Dr. Nucci has petitioned us to quash the portion of the order refusing to seal the financial affidavits, W-2s, and tax returns. Mrs. Nucci has declined to respond to the petition other than to state again that she has no objection to the relief sought by her husband. Early on, we granted Dr. Nucci's motion to stay and ordered the documents at issue conditionally sealed until further order of this court.
There are two rules central to the issue in this case. Florida Family Law Rule of Procedure 12.400 relates to the confidentiality of records and proceedings in family law cases. In subdivision (c), it provides authority for a court "to conditionally seal the financial information required by rule *137 12.285 if it is likely that access to the information would subject a party to abuse, such as the use of the information by third parties for purposes unrelated to government or judicial accountability or to first amendment rights." Fla. Fam. L.R.P. 12.400(c). The documents Dr. Nucci seeks to have sealed in this case contain information required by rule 12.285. See Fla. Fam. L.R.P. 12.285(d). Thus, this case deals with the type of financial information that can be conditionally sealed under the rule and, moreover, with the type of third-party abuse that would warrant sealing the information. See Daniel v. Daniel, 922 So.2d 1041 (Fla. 4th DCA 2006) (requiring husband to file financial affidavit in dissolution proceeding but noting that rule 12.400(c) addressed valid privacy concern by allowing for conditional sealing to prevent misuse of information by third party).
The second rule at play here, Florida Rule of Judicial Administration 2.420, previously numbered as rule 2.051, governs public access to judicial branch records generally. The family law rules refer to this rule of judicial administration. Fla. Fam. L.R.P. 12.280(c) ("A determination as to the confidentiality of a court record shall be made in accordance with Florida Rule of Judicial Administration 2.051 [now 2.420]."); Fla. L.R.P. 12.400(a) ("Closure of court proceedings or sealing of records may be ordered by the court only as provided by Rule of Judicial Administration 2.051 [now 2.420].").
In the order under review, the circuit court held that the rule of judicial administration, and not the family law rule, was controlling. The court was mistaken. Rule 12.400(c) implements the principles contained in rule 2.420 specifically with respect to financial records produced pursuant to rule 12.285 in family law cases. As such, rule 12.400(c) governed Dr. Nucci's motion to conditionally seal the documents under consideration.
This can be seen simply by applying the common principle of construction holding that a specific provision controls over a general one. Adams v. Culver, 111 So.2d 665, 667 (Fla.1959). It is also evident in the two rules' intertwined history.
Ironically, the salient principles contained in rule 2.420 originated in a family law case. In Barron v. Florida Freedom Newspapers, Inc., 531 So.2d 113 (Fla. 1988), the supreme court approved the holding of the First District Court of Appeal that a circuit court should not have sealed medical reports regarding a party in a divorce proceeding. The court set forth factors to be considered when determining whether to close a civil proceeding. Among them:
[C]losure of court proceedings or records should occur only when necessary (a) to comply with established public policy set forth in the constitution, statutes, rules, or case law; (b) to protect trade secrets; (c) to protect a compelling governmental interest [e.g., national security; confidential informants]; (d) to obtain evidence to properly determine legal issues in a case; (e) to avoid substantial injury to innocent third parties [e.g., to protect young witnesses from offensive testimony; to protect children in a divorce]; or (f) to avoid substantial injury to a party by disclosure of matters protected by a common law or privacy right not generally inherent in the specific type of civil proceeding sought to be closed.
Id. at 118 (alteration in original). Four years later, the court adopted Florida Rule of Judicial Administration 2.051, entitled "Public Access to Judicial Records." In re Amendments to the Florida Rules of Judicial AdministrationPublic Access to Judicial Records, 608 So.2d 472 (Fla.1992). *138 In so doing, the court expressly incorporated the above-quoted Barron factors. Id. at 474. They remain in the rule, unchanged, to this day. Fla. R. Jud. Admin. 2.420(c)(9)(A).
In 1995 the supreme court adopted the Family Law Rules of Procedure. In re Family Law Rules of Procedure, 663 So.2d 1047 (Fla.1995). At that time, the court rejected the request of the Family Law Rules Committee to include a specification that financial records in dissolution cases would be confidential. Id. at 1049. Thus, as adopted, rule 12.280 contained the previously mentioned reference to rule 2.051. In re Family Law Rules of Procedure, 663 So.2d 1049, 1066 (Fla.1995). The family law rule with which we are concerned today, rule 12.400, stated in its entirety:
(a) Closure of Proceedings or Records. Closure of court proceedings or sealing of records may be ordered by the court only as provided by Rule of Judicial Administration 2.051.
(b) In Camera Inspection. The court shall conduct an in camera inspection of any records sought to be sealed and consider the contents of the records in determining whether they should be sealed.
Id. at 1072.
In 1998 the supreme court again rebuffed the effort of the Family Law Rules Committee, joined by the Family Court Steering Committee, to adopt a rule specifically providing for the confidentiality of financial records in family law cases. Amendments to the Florida Family Law Rules of Procedure, 723 So.2d 208, 209 (Fla.1998). Significantly, however, the court clarified that under rule 2.051 a trial court had discretion to seal financial records in a family law case if it was shown "that third parties are likely to use this information in an abusive manner." Id. at 210. The court gave as an example of such abuse "the use of the information by third parties for purposes unrelated to government or judicial accountability or to first amendment rights." Id. The court emphasized that under such circumstances an order sealing the records should be "conditional in that the financial information should be disclosed to any person who establishes that disclosure of the information is necessary for government or judicial accountability or has a proper first amendment right to the information." Id.
The Family Law Rules Committee embraced the supreme court's notion of "conditional sealing" and thereafter proposed an amendment to rule 12.400 to include it. The supreme court obliged in 2003, when it amended the rule to add current subdivision (c). Amendments to the Florida Family Law Rules of Procedure, 853 So.2d 303 (Fla.2003).
The court divided subdivision (c) into three sections. The first, it said, "describes when conditional sealing is appropriate." Id. at 306. As adopted, that portion of subdivision (c) states:
(1) The court has the authority to conditionally seal the financial information required by rule 12.285 if it is likely that access to the information would subject a party to abuse, such as the use of the information by third parties for purposes unrelated to government or judicial accountability or to first amendment rights. Any such order sealing the financial information is conditional in that the information shall be disclosed to any person who establishes that disclosure of the information is necessary for government or judicial accountability or has a proper first amendment right to the information.
Id. at 315.
It can be seen, then, that in the last decade the supreme court repeatedly has *139 described the gleaning of financial information from a family law court file by third parties to be used for other than governmental, judicial, or first amendment purposes as a form of abuse from which courts may protect litigants by sealing the information pursuant to rule 2.420. In 1998 the court devised a "conditional sealing" procedure specific to financial information in family law cases, which it later codified as rule 12.400(c). The efficacy of that rule was unaltered by the April 2007 amendments to rule 2.420, devised by the supreme court to provide a purely "procedural vehicle" for sealing and unsealing records in civil cases. In re Amendments to Florida Rule of Judicial Administration 2.420  Sealing of Court Records and Dockets, 954 So.2d 16, 17 (Fla.2007).
In short, rule 12.400(c) governed Dr. Nucci's motion to conditionally seal the subject financial documents. Although we commend the circuit court for its independent evaluation of the issues notwithstanding the parties' agreement, we conclude that Dr. Nucci has demonstrated his entitlement to certiorari relief.
A writ of certiorari is warranted when there has been a departure from the essential requirements of law, causing material harm that cannot be remedied on appeal. See, e.g., Reynolds v. State, 963 So.2d 908 (Fla. 2d DCA 2007); State Farm Mut. Auto. Ins. Co. v. Peters, 611 So.2d 597 (Fla. 2d DCA 1993). A failure to apply the correct standard for deciding a particular issue is a departure from the essential requirements of law. Dusseau v. Metro. Dade County Bd. of County Comm'rs, 794 So.2d 1270, 1275 (Fla.2001). Here, the circuit court failed to apply the correct law because it failed to recognize its discretion to act on the motion beyond simply redacting social security numbers. This was a departure from the essential requirements of law. See Woodward v. Berkery, 714 So.2d 1027, 1033 (Fla. 4th DCA 1998) (concluding that court departed from essential requirements in failing to recognize that it had authority under family law rules of procedure to modify financial discovery requirements).
Dr. Nucci also has established material injury and irreparable harm; in fact, these elements are jurisdictional prerequisites to certiorari relief. See Reynolds, 963 So.2d at 909-10. In suffering the type of abuse that rule 12.400(c) is designed to protect against, i.e. "the use of the information by third parties for purposes unrelated to government or judicial accountability or to first amendment rights," he has shown a material injury. And, manifestly, the harm in failing to seal the records at this time could not be remedied by an appeal at the conclusion of the case. See Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla.1987), superseded by statute on other grounds as stated in Henn v. Sandler, 589 So.2d 1334 (Fla. 4th DCA 1991).
We grant the petition and quash the order on review to the extent that it denied Dr. Nucci's motion to seal the records. We note that, by virtue of our quashal of the order, the motion remains pending. See Broward County v. G.B.V. Int'l Ltd., 787 So.2d 838, 844 n. 18 (Fla. 2001) ("[O]n certiorari an appellate court can only deny the writ or quash the order under review. It has no authority to take any action resulting in the entry of a judgment or orders on the merits or to direct that any particular judgment or order be entered.") (alteration in original) (quoting Snyder v. Douglas, 647 So.2d 275, 279 (Fla. 2d DCA 1994)). Therefore, the records to which the motion is directed must be treated as confidential pending the circuit court's revisiting and ruling on the motion. See Fla. R. Jud. Admin. 2.420(d)(1) ("The court records that are subject to a motion made under this subdivision *140 must be treated as confidential by the clerk pending the court's ruling on the motion."). For this reason our stay order serves no further purpose, and we lift it.
Petition granted; order quashed; remanded for further proceedings.
SALCINES, J., and GALLEN, THOMAS M., Associate Senior Judge, Concur.