# Third District Court of Appeal

**State of Florida**


Opinion filed September 16, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-3043
Lower Tribunal No. 13-2043
_____


**Seaboard Marine Ltd.,**
Petitioner,

vs.

**Farconelly Clark,**
Repondent.


A Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Lisa S. Walsh, Judge.

Blanck and Cooper, P.A., and Robert W. Blanck and Jonathan Hernandez, for petitioner.

Cassidy and Black, P.A., and Michael C. Black and Kate S. Goodsell, for respondent.


Before WELLS, ROTHENBERG and SCALES, JJ.

SCALES, J.

Petitioner Seaboard Marine Ltd., the defendant below, seeks certiorari review of an order of the trial court compelling Seaboard to disclose to Respondent Farconelly Clark, the plaintiff below, certain work-product photographs that were developed by Seaboard's attorneys. We grant certiorari relief, and quash the trial court's order, because Clark failed to exercise the due diligence required as a prerequisite for obtaining materials protected by Florida's work-product privilege.

**I. Facts**

In February of 2012, Clark, an employee of a stevedoring company, was injured while working at Seaboard's terminal at the Port of Miami. Seaboard operates the terminal, which it leases from Miami-Dade County. During the loading process of cargo containers onto ships, a top loader operated by another employee of the stevedoring company, ran over Clark and crushed his legs, which were later amputated.

Clark sued Seaboard and the County, alleging that noise and congestion in the terminal, combined with alleged inadquate lighting and disorganized storage of containers, created a dangerous work environment.

Immediately following the accident, attorneys for Seaboard and other Seaboard representatives, took ninety-one post-accident photographs of the area in which the accident occurred. In addition to these ninety-one photographs, Seaboard

preserved approximately ninety minutes of surveillance footage of the terminal from the night of the accident. This footage was taken from a camera stationed approximately one hundred feet over the location of the accident. The surveillance footage depicts the location of the containers within the terminal, the terminal layout, the top loaders working in the accident area, as well as a somewhat distant view of the accident itself.

The surveillance footage was turned over to Clark's counsel before Clark brought his action against Seaboard and the County. Seaboard declined to provide Clark with the ninety-one post-accident photographs, asserting a work-product privilege and an attorney-client privilege.

On January 18, 2013, Clark filed the instant lawsuit. In a request for production dated April 2, 2013, Clark sought the ninety-one photographs, to which Seaboard objected. Seaboard filed the appropriate privilege log pursuant to rule 1.280(b)(6) of the Florida Rules of Civil Procedure.

Clark then filed a motion to compel the production of the photographs. Seaboard responded and provided the trial court with the photographs for an in camera inspection. On November 7, 2014, the trial court heard Clark's motion to compel. The trial court entered an order granting Clark's motion to compel, finding that the photographs are relevant to the issues in the lawsuit, and that Clark has no other means of obtaining the photographs.

At the time this motion was heard by the trial court, no witnesses had been deposed. Further, Clark presented no evidence at the hearing indicating that Clark had attempted to obtain any post-accident photographs taken by either the County or Clark's employer.

Seaboard timely sought certiorari review of the trial court's order.

## II. Analysis

A writ of certiorari is the proper method to review trial court orders compelling production of privileged discovery that is otherwise protected as work product; compelling such production presents the potential of a departure from the essential requirements of law, which would cause material harm for which there is no adequate remedy on final appeal. Allstate Ins. Co. v. Langston, 655 So. 2d 91, 94 (Fla. 1995).

Rule 1.280(b)(4) of the Florida Rules of Civil Procedure sets forth requirements that must be met by a party seeking the disclosoure of materials protected by Florida's work product doctrine. In relevant part, this rule reads:

> [A] party may obtain discovery of documents and tangible things otherwise discoverable . . . and prepared in anticipation of litigation or for trial by or for another party or by or for that party's representative, including that party's attorney . . . , only upon a showing that the party seeking discovery has need of the materials in the preparation of the case and is unable without undue hardship to obtain the substantial equivalent of the materials by other means.

4

Fla. R. Civ. P. 1.280(b)(4).

Therefore, the party requesting such privileged materials has a considerable burden to show that the party has both a significant need and an undue hardship in obtaining a substantial equivalent. Metric Eng'g, Inc. v. Small, 861 So. 2d 1248, 1250 (Fla. 1st DCA 2003); CSX Transp., Inc. v. Carpenter, 725 So. 2d 434, 435 (Fla. 2d DCA 1999).

In this case, the record is devoid of any efforts by Clark to obtain substantially equivalent materials to the privileged, post-accident photographs taken by Seaboard's counsel. No depositions of witnesses were taken; no attempts to obtain other, non-privileged photographs were undertaken.

No doubt the photographs are relevant; they might be highly probative to the critical issues in the case. Rule 1.280(b)(4), however, establishes a much higher bar than mere relevancy to obtain such privileged work-product materials developed by an adversary. A party must first diligently exhaust other means of obtaining the substantial equivalent. In this case, the record is devoid of evidence of such diligence.

**III. Conclusion**

We grant Seaboard's petition and quash the trial court's order compelling Seaboard to produce the ninety-one post-accident photographs.

Petition granted.

5