# Third District Court of Appeal

## State of Florida

Opinion filed November 16, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-2043
Lower Tribunal No. 13-35751
_____

## Tyco Fire Products, L.P., and Allied Tube & Conduit Corporation,
Petitioners,

vs.

## 2711 Hollywood Beach Condominium Association, Inc., et al.,
Respondents.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, Jennifer D. Bailey, Judge.

Shook, Hardy & Bacon LLP and Daniel B. Rogers and Jennifer A. McLoone and Eric S. Boos, for petitioners.

Colson Hicks Eidson and Ervin A. Gonzalez and William A. Bonner and Patrick S. Montoya; Siegfried, Rivera, Hyman, Lerner, De La Torre, Mars & Sobel and Steven M. Siegfried and Stuart Sobel and Alton C. Hale, Jr., for respondents.

Before ROTHENBERG, SALTER, and FERNANDEZ, JJ.

SALTER, J.

Tyco Fire Products, L.P. ("Tyco"), and Allied Tube & Conduit Corporation ("Allied"), seek a writ of certiorari to quash a non-final order directing disclosure of five documents[1] alleged to be privileged attorney-client communications and protected opinion work product. We grant the petition and quash the order insofar as it directs disclosure of those five documents.[2]

The underlying lawsuit alleges fire sprinkler product defects, and misrepresentations regarding those products, occurring when incompatible coated steel and chlorinated polyvinyl chloride pipes are used in a single system. The five documents were created by, or directed to, attorneys advising Tyco, Allied, and controlled affiliates regarding these products and the alleged problem.

"The disclosure of information protected by the attorney-client privilege is well recognized as irreparable harm" for purposes of our certiorari jurisdiction. Coffey-Garcia v. S. Miami Hosp., Inc., 194 So. 3d 533, 536 (Fla. 3d DCA 2016) (citing Bd. of Trs. Of Internal Improvement Tr. Fund v. Am. Educ. Enters., LLC,

---

[1] The discovery issues relating to the production of documents by the petitioners initially involved far more documents. The petition only seeks relief as to five of those documents. On motion by Tyco and Allied, we granted a temporary stay of the trial court order regarding those five documents pending our determination of the petition.

[2] The five documents are Tyco Fire documents bearing an initial prefix "Priv-TFP-216700-" and page numbers 00022-25; 00064-66; 00067-68; 00069-71; and 00102-104. The first document was also identified as an Allied document, AKRI-21670-00059, and is subject to this opinion with both the Tyco and Allied designations.

99 So. 3d 450, 457 (Fla. 2012). We have repeatedly described the "cat-out-of-the-bag" problem that results from the judicially-ordered disclosure of privileged attorney-client communications. See, e.g., Mana v. Cho, 147 So. 3d 1098, 1100 (Fla. 3d DCA 2014); Rousso v. Hannon, 146 So. 3d 66, 71 (Fla. 3d DCA 2014).

Certiorari is also "the proper method to review trial court orders compelling production of privileged discovery that is otherwise protected as work product[,]" Seaboard Marine, Ltd. v. Clark, 174 So. 3d 626, 628 (Fla. 3d DCA 2015), where, as here, the requesting party has failed to carry its "considerable burden to show that the party has both a significant need and an undue hardship in obtaining a substantial equivalent." Id. Two of the documents also include protected work product as to which respondent's burden was not met.

We grant the petition and quash the order directing disclosure with respect to the five previously-identified documents (and only as to those documents).