# Third District Court of Appeal

## State of Florida

Opinion filed March 3, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1506
Lower Tribunal No. 18-42153

_____

## Geico Casualty Company, et al.,
Petitioners,

vs.

## MSP Recovery Claims, et al.,
Respondents.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, Veronica A. Diaz, Judge.

A Case of Original Jurisdiction—Prohibition.

Cole, Scott & Kissane, P.A., and Thomas L. Hunker, Selina Patel, Peter D. Weinstein and Michael A. Rosenberg (Fort Lauderdale), for petitioners.

MSP Recovery Law Firm, and John H. Ruiz, Michael O. Mena, Gino Moreno and Andre Vazquez; Armas Bertran Zincone, and J. Alfredo Armas, Eduardo E. Bertran and Francesco A. Zincone, III, for respondents.

Before SCALES, LINDSEY and HENDON, JJ.

SCALES, J.

GEICO Casualty Company, GEICO General Insurance Company and GEICO Indemnity Company (collectively, "GEICO"), the defendants below, petition this Court for a writ of certiorari to quash the trial court's September 15, 2020 discovery order denying, for lack of standing, GEICO's motion for a protective order. GEICO's motion was directed toward discovery sought from non-party Insurance Services Office, Inc. ("ISO") by the plaintiffs below, respondents MSP Recovery Claims, MSPA Claims 1, LLC, and Series PMPI, a series of MAO-MSO Recovery II, LLC (collectively "MSP"). Because we conclude that GEICO has standing to object to MSP's non-party subpoena, we grant GEICO's petition and quash those portions of the subject discovery order related to the trial court's erroneous determination regarding GEICO's standing.

## I.   BACKGROUND FACTS

In December 2018, MSP filed this action against GEICO in the Miami-Dade County Circuit Court. In Count I of MSP's second amended complaint, MSP seeks a declaration that it is entitled to recover from GEICO payments allegedly made by MSP's assignors that should have been made by GEICO, the PIP insurer for the assignors' insureds. In Count II of the second amended complaint, MSP seeks a pure bill of discovery.

On August 7, 2020, MSP served a subpoena duces tecum on non-party ISO, seeking to depose ISO's corporate representative and requesting that ISO produce certain "records for all claims where the insuring company or adjuster company appears as [GEICO]." On August 31, 2020, GEICO moved for a protective order as to the non-party subpoena duces tecum, arguing, in part, that the claims records sought by MSP both belonged to GEICO and were protected by the attorney-client and work product privileges.

On September 8, 2020, the trial court conducted a hearing on GEICO's motion for a protective order. At the hearing, GEICO's counsel represented to the trial court that: (i) a Master Agreement between GEICO and ISO governed the data sought in MSP's non-party discovery request to ISO; and (ii) the Master Agreement expressly provided both that the data in ISO's possession was GEICO's proprietary information and that the confidentiality provisions contained therein prevented ISO from disclosing the information without GEICO's consent. GEICO's counsel, however, did not produce the Master Agreement at that time because counsel had been unable to obtain a redacted copy of the agreement.

On September 15, 2020, the trial court entered an order denying GEICO's motion for a protective order. In this September 15, 2020 discovery

order, the trial court: (i) limited the scope of discovery in MSP's subpoena to "the time period of January 3, 2013 to the present;" (ii) found that GEICO "does not have standing to object to the [non-party] subpoena;" (iii) denied GEICO's request for a stay pending further review by this Court;[1] and (iv) ordered that the pending deposition of ISO's representative be reset to a future date in coordination with ISO's counsel and without the need to re-serve the subpoena. On October 15, 2020, GEICO filed the instant certiorari petition in this Court.

Also, on October 15, 2020, GEICO filed in the trial court a motion for reconsideration of the September 15, 2020 discovery order, arguing that the trial court did not have the benefit of the Master Agreement between GEICO and ISO. GEICO's motion for reconsideration included a redacted copy of the Master Agreement for the lower court's consideration. On December 11, 2020, during the pendency of this matter in this Court, the trial court entered its order denying GEICO's motion for reconsideration. Therein, the trial court concluded that GEICO's motion for reconsideration "fails to raise any issues which the Court failed to consider or overlooked."

## II.    ANALYSIS

---

[1] On November 16, 2020, we stayed the discovery order pending further order of this Court.

4

"Certiorari is appropriate when a discovery order departs from the essential requirements of law, causing material injury, which cannot be remedied on plenary appeal." Kobi Karp Architecture & Interior Design, Inc. v. Charms 63 Nobe, LLC, 166 So. 3d 916, 919 (Fla. 3d DCA 2015). We have jurisdiction.[2] "A writ of certiorari is the proper method to review trial court orders compelling production of privileged discovery that is otherwise protected as work product; compelling such production presents the potential of a departure from the essential requirements of law, which would cause material harm for which there is no adequate remedy on final appeal." Safepoint Ins. Co. v. Gonzalez, 307 So. 3d 936, 937 (Fla. 3d DCA 2020) (quoting Seaboard Marine Ltd. v. Clark, 174 So. 3d 626, 628 (Fla. 3d DCA 2015)).

Here, GEICO argues that the trial court departed from the essential requirements of the law by determining that GEICO lacked standing to challenge MSP's non-party discovery request and, therefore, refusing to

---

[2] Citing to American Medical Sysems, LLC v. MSP Recovery Claims, Series LLC, 290 So. 3d 548, 549-50 (Fla. 3d DCA 2019), MSP argues that we lack certiorari jurisdiction because, according to MSP, the September 15, 2020 discovery order does not direct non-party ISO to produce the requested discovery, and therefore, GEICO has suffered no irreparable harm. We disagree because the trial court's discovery order directed that specific discovery be produced. Indeed, but for this Court's November 16, 2020 stay order, the deposition duces tecum of ISO's representative would have taken place.

5

consider the merits of GEICO's claim that the requested discovery is privileged.  We agree.  Florida Rule of Civil Procedure 1.280(c) "generally authorizes a party to seek protection from a discovery request made to a non-party in an action where the items sought belong to the party." Ross Dress for Less Virginia, Inc. v. Castro, 134 So. 3d 511, 517 n.5 (Fla. 3d DCA 2014);  Engel v. Rigot, 434 So. 2d 954, 957 (Fla. 3d DCA 1983) (Pearson, J., concurring) ("It is apodictic that one who is a party has no standing to object to a subpoena issued to a non-party witness unless that subpoena asks for documents in which the party claims some personal right or privilege or asks for documents in the party's possession.").  Accordingly, we grant GEICO's petition and quash those portions of the trial court's September 15, 2020 discovery order that: (i) determined GEICO lacked standing to object to the non-party subpoena MSP served on ISO; and, relatedly, (ii) ordered the deposition of ISO's representative.

## III.  CONCLUSION

The trial court departed from the essential requirements of the law by determining that GEICO lacked standing to object to MSP's non-party

subpoena duces tecum.  We, therefore, grant the instant petition and quash the September 15, 2020 discovery order as stated herein.[3]

Petition granted; order quashed.[4]

---

[3] On certiorari, an appellate court can only deny the petition or quash the challenged order. Nucci v. Nucci, 987 So. 2d 135,139 (Fla. 2d DCA 2008). Unlike an appeal, where we routinely provide remand instructions, we have no authority in this case to direct that the trial court take any particular action on GEICO's August 31, 2020 motion for a protective order. Our quashal of the principal portions of the trial court's September 15, 2020 order simply leaves GEICO's motion pending.  Id.  Thus, we decline the parties' invitation to address the merits of GEICO's privilege claims in the first instance, leaving it to the trial court to consider the issues when it again adjudicates GEICO's motion.

[4] Based on our granting of the petition, we also necessarily quash the trial court's December 11, 2020 order on GEICO's October 15, 2020 motion for reconsideration.