807 So.2d 783 (2002)
MRI SERVICES, INC., d/b/a Ultra MRI & Diagnostic Services, L.C. and MRI Services, L.C., d/b/a/ Ultra MRI & Diagnostic Service, L.C., Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.
No. 2D01-2568.
District Court of Appeal of Florida, Second District.
February 22, 2002.
*784 Matias Blanco, Jr., Tampa, for Appellant.
David B. Kampf of Ramey, Ramey, & Kampf, P.A., Tampa, for Appellee.
WHATLEY, Judge.
MRI Services, Inc., appeals an order entered in the County Court for Pinellas County. This court accepted jurisdiction of the appeal pursuant to Florida Rule of Appellate Procedure 9.160. State Farm Mutual Automobile Insurance Company filed several petitions in county court seeking discovery from MRI Services pursuant to section 627.736(6), Florida Statutes (1997). The petitions allege that State Farm's insured sought personal injury protection (PIP) benefits from State Farm for injuries allegedly sustained in an automobile accident. The petitions further allege that State Farm received a bill for the MRI performed on its insured from an entity which did not render the services and that all of the MRIs at issue were preformed by MRI Services.[1] All of the petitions were consolidated in the county court.[2]
The county court granted State Farm's petitions and directed MRI Services to produce an unredacted copy of the MRI servicing/leasing agreement between MRI Services and each of the billing entities who ultimately billed State Farm for the MRI services, as well as copies of all invoices, bills, and other documentation evidencing the costs of the MRI services.
The question on appeal from the county court is whether MRI Services, as the owner of an MRI facility, can be required to produce discovery pursuant to section 627.736(6), when it has neither accepted an assignment of benefits from the insured nor billed the insurer for its services. MRI Services argues that even if it is required to produce discovery pursuant to section 627.736(6), such discovery should not include the lease agreement between MRI Services and the billing entity. We conclude that MRI Services was correctly ordered to produce the discovery, including the lease agreement, pursuant to the statute and affirm.
Section 627.736(6)(b) provides the following:
Every physician, hospital, clinic, or other medical institution providing, before or after bodily injury upon which a claim *785 for personal injury protection insurance benefits is based, any products, services, or accommodations in relation to that or any other injury, or in relation to a condition claimed to be connected with that or any other injury, shall, if requested to do so by the insurer against whom the claim has been made, furnish forthwith a written report of the history, condition, treatment, dates, and costs of such treatment of the injured person, together with a sworn statement that the treatment or services rendered were reasonable and necessary with respect to the bodily injury sustained and identifying which portion of the expenses for such treatment or services was incurred as a result of such bodily injury, and produce forthwith, and permit the inspection and copying of, her or his or its records regarding such history, condition, treatment, dates, and costs of such treatment....
In the event of a dispute relating to an insurance company's right to discover information about the insured's "history, condition, or treatment, or the dates and costs of such treatment," the insurance company may petition the court to enter an order permitting such discovery. § 627.736(6)(c).
We conclude that MRI Services is a "clinic, or other medical institution" and comes within the ambit of section 627.736(6)(b), as MRI Services is the entity that actually rendered the MRI services. Neither section 627.736(6)(b) nor section 627.736(6)(c) create an exception for medical providers that have not accepted an assignment of benefits from the insured or billed the insurer for their services, and we decline to create such an exception.
State Farm is bound by contract with its insureds to pay reasonable and necessary charges for reasonable and necessary services. Here, if State Farm is precluded from obtaining the discovery sought, it will not be able to determine whether the charges and services are reasonable and necessary. State Farm should be entitled to discover the amount MRI Services charged the billing entity for the services performed for its insured.
The discovery ordered in this case was appropriate and should lead to a determination as to the reasonable and necessary nature of the charges and/or services. The information discovered should include the lease agreement. In Kaminester v. State Farm Mutual Automobile Insurance Co., 775 So.2d 981, 985 (Fla. 4th DCA 2000), the Fourth District held that the plain meaning of "costs" in section 627.736(6) is "obviously the expenses the provider itself incurred to charge what it has charged." Therefore, the court concluded, the lease agreement was within the meaning of the statute's discovery provision regarding "the costs of such treatment." Id. We agree with the Fourth District and conclude that, as the lease agreement in question contains pertinent information concerning the costs of treatment, State Farm is entitled to discover the information. Trial courts are cautioned to carefully review the scope of discovery requests pursuant to this statute to ensure that they are appropriate and not unduly burdensome.
MRI Services contends that it should not be required to produce its lease agreements with the billing entities, because the lease agreements between MRI Services and two of the billing entities contain a confidentiality clause. However, such a clause cannot act as a shield to the discovery of facts and documentation necessary for an insurer's determination of benefits.
A peripheral issue raised for the first time on appeal is whether the county *786 court had jurisdiction to hear this matter.[3] MRI Services notes that this is an equitable proceeding as no dollar amount was sought. MRI Services thus contends that the court vested with jurisdiction was the circuit court. In 1990, the legislature gave certain equitable powers to the county court. Section 34.01(4), Florida Statutes (1997), provides that county courts may hear all matters in equity involved in any case within the jurisdictional amount of the county court. As the amount in controversy in this case does not exceed $15,000, the county court had jurisdiction. § 34.01(1)(c)(4). See Alexdex Corp. v. Nachon Enter., Inc., 641 So.2d 858, 862 (Fla. 1994) ("[T]he legislature intended to provide concurrent equity jurisdiction in circuit and county courts, except that equity cases filed in county courts must fall within the county court's monetary jurisdiction, as set by statute."). Aside from matters presented in alternate resolution formats, the vast majority of monetary PIP claims will be heard in the county court. The legislature may wish to review and further define the scope of equitable jurisdiction in the county courts of this state.
Affirmed.
BLUE, C.J., and SALCINES, J., Concur.
NOTES
[1] We note that the billing scheme used in this case is not traditional in the medical community. Traditionally, a physician will refer the patient to a hospital or other provider for the MRI and that providing entity will bill the insurance carrier.
[2] The petitions involve several different insured persons and billing entities, but the issues raised by the petitions are the same.
[3] The lack of subject matter jurisdiction is an issue that may be raised at any time. Fla. R. Civ. P. 1.140.