MARSTILLER, J.
Robert Heekin seeks certiorari review of a discovery order requiring him to furnish Respondents certain personal financial information. Mr. Heekin was ordered to deposit $250,000 into the court registry after the court granted summary judgment to Respondents on their breach of fiduciary duty claim. The nonfinal order entered June 8, 2009, gave Mr. Heekin 30 days to make payment. He did not do so and, as a result, Respondents moved to enforce the order and sought discovery of information concerning Mr. Heekin’s finances. He objected to the discovery requests, and at the hearing on Respondents’ motion to compel production of financial information and answers to interrogatoriés, the court'advised Mr. Heekin that he may be held in contempt. Mr. Heekin, through counsel, claimed inability to pay the $250,000.
Certiorari review of an order compelling discovery is appropriate when the order departs from the essential requirements of law, causing irreparable harm that cannot be remedied on plenary appeal. See Commonwealth Land Title Ins. Co. v. Higgins, 975 So.2d 1169, 1176 (Fla. 1st DCA 2008). “[T]he reviewing court must first conduct a jurisdictional analysis to determine whether the petitioner has made a prima facie showing of the element of irreparable harm.” Id. See Taylor v. TGI Friday’s, Inc., 16 So.3d 312, 313 (Fla. 1st DCA 2009). We deny the petition for writ of certiorari because Mr. Heekin has shown no irreparable harm from the discovery order.
In support of his petition, Mr. Heekin asserts that disclosure of personal information ipso facto causes irreparable harm. Indeed, “ ‘disclosure of personal financial information may cause irreparable harm to a person forced to disclose it, in a case in which the information is not relevant.’” Friedman v. Heart Inst. of Port St. Lucie, Inc., 863 So.2d 189, 194 (Fla.2003) (emphasis added). (quoting Straub v. Matte, 805 So.2d 99, 100 (Fla. 4th DCA 2002). Here, Mr. Heekin’s financial information is relevant because he is under a court order to pay a substantial sum into the court registry, the court is considering holding him in contempt for disobeying the order, and he claims he is unable to pay the amount. Mr. Heekin’s ability to comply with the earlier order is squarely at issue, and the court needs information about his income, assets and liabilities to determine whether contempt is appropriate. Mr. Heekin argues his financial information is not relevant because Respondents have not yet obtained a money judgment against him (in which case he agrees the information would be relevant to enforce the judgment) and because the order granting summary judgment and directing him to deposit $250,000 into the court registry is “improper on its face.” But he cannot seek to invalidate that order in this appellate proceeding.* Although final judgment is yet to be entered in the underlying breach of fiduciary duty action, the order granting summary judgment is still in force — an order with which Mr. Heekin has failed to comply, thereby making relevant his financial standing, and thus, his financial information.
An “order compelling production of relevant financial information cannot be *439 the object of a writ of certiorari because there is no irreparable harm.” In re Estate of Sauey, 869 So.2d 664, 665 (Fla. 4th DCA 2004). Having failed to establish irreparable harm resulting from the discovery order, Mr. Heekin is not entitled to certiorari review of the order.
DENIED.
HAWKES, J„ concur.
WOLF, J., Concurs With Opinion.

 We previously dismissed as premature Mr. Heekin's appeal of that nonfinal order. See Heekin v. Del Col, 38 So.3d 157 (Fla. 1st DCA 2010).