PER CURIAM.
The petitioner, the defendant in an automobile negligence action, seeks a writ of certiorari to quash the trial court’s order overruling her objection to discovery of her medical records. The order subject to the petition requires disclosure of two distinct groups of records: (1) the petitioner’s pharmacy records for the one-year period preceding the date of the subject automobile accident, and (2) medical records from the petitioner’s treating physician from the date of the accident “until the present.” We dismiss the petition with regard to the first group of records as the petitioner failed to satisfy the jurisdictional requirement of irreparable harm. However, we grant the petition with regard to the second group of records.
The petitioner is an elderly woman who wears glasses and takes several prescription medications. The accident giving rise to the complaint occurred when the petitioner was backing up out of a parking space and struck the plaintiffs car. The *785 plaintiffs filed a complaint alleging that they suffered damages as a result of the petitioner’s negligence. The petitioner denied liability and did not assert a counterclaim seeking damages from the plaintiffs. In her sworn interrogatories, the petitioner responded that she had not been injured in the accident and provided details of her prescription medication usage in the 12-hour period before the accident. The petitioner later provided deposition testimony that her osteoarthritis had gotten worse since the accident along with details about her prescription medication usage. The plaintiffs contend that her deposition testimony was inconsistent with her interrogatories. Specifically, they assert that her statement that her osteoarthritis had gotten worse could be inferred to mean that she was indeed injured in the accident, contrary to her interrogatory response. The plaintiffs also assert that there were inconsistencies in the petitioner’s testimony about her prescription medication usage.
Following these alleged inconsistencies, the plaintiffs filed notices of production seeking all papers and medical records (without any date restriction) from the petitioner’s pharmacy and from one of her treating physicians. The petitioner objected that the information sought was irrelevant, immaterial, and invaded her privacy rights. The trial court overruled the objection finding, “[njotwithstanding the absence of a bodily injury claim” brought by the petitioner; the plaintiffs were entitled to the records due to “the existence of inconsistencies” between the petitioner’s interrogatory responses and her deposition testimony.
The trial court’s order directed the petitioner to execute a release of her pre-accident pharmacy records and post-accident medical records to her counsel. Upon receipt, the petitioner’s counsel could then move for a protective order with respect to the particular records she asserted were privileged. The petitioner seeks certiorari review of the trial court’s order.
“Certiorari review of an order compelling discovery is appropriate when the order departs from the essential requirements of law, causing irreparable harm that cannot be remedied on plenary appeal.” Heekin v. Del Col, 60 So.3d 437, 438 (Fla. 1st DCA 2011) (citing Commonwealth Land Title Ins. Co. v. Higgins, 975 So.2d 1169, 1176 (Fla. 1st DCA 2008)). However, this Court must first conduct a jurisdictional analysis to determine whether the petitioner has made a prima facie showing of irreparable harm. Id. at 438.
A patient’s medical records enjoy a confidential status by the right to privacy in Article I, section 23 of the Florida Constitution. State v. Johnson, 814 So.2d 390, 393 (Fla.2002). The trial court is charged with balancing the right to broad discovery against an individual’s competing privacy interests to prevent an undue invasion of privacy. See Barker v. Barker, 909 So.2d 333, 338 (Fla. 2d DCA 2005) (citing Rasmussen v. S. Fla. Blood Serv., Inc., 500 So.2d 533, 535 (Fla.1987)). Certiorari may be appropriate where a discovery order compels disclosure of medical or other records that infringe upon a party’s constitutional privacy rights. See e.g., James v. Veneziano, 98 So.3d 697 (Fla. 4th DCA 2012) (granting a certiorari petition and quashing the trial court’s order that compelled discovery of 10 years’ worth of medical records on the grounds that irreparable harm was established by the implication of the constitutionally-recognized right to privacy and the trial court departed from the essential requirements of law by requiring the immediate disclosure of the records without first conducting in camera review to determine relevancy). *786 In exercising its discretion to balance the competing interests, the trial court is guided by the principles of relevancy and practicality. See Friedman v. Heart Inst. of Port St. Lucie, 863 So.2d 189, 194 (Fla.2003).
In the instant case, the pre-acci-dent pharmacy records appear to be relevant to the issue of negligence in the case and are potentially discoverable. However, the petitioner’s alleged irreparable harm with regard to this group of records is premature and speculative. See Holden Cove, Inc. v. 4 Mac Holdings, Inc., 948 So.2d 1041, 1042 (Fla. 5th DCA 2007) (rejecting an irreparable harm argument as being premature and speculative). As the petitioner could ultimately appeal the denial of the protective order and the trial court could still perform an in camera review and receive argument to determine the relevancy of the pre-accident pharmacy records, the petitioner has failed to demonstrate irreparable harm to warrant certiorari relief. See Cape Canaveral Hosp., Inc. v. Leal, 917 So.2d 336 (Fla. 5th DCA 2005) (denying as premature a petition for writ of certiorari that sought review of an order requiring the submission of documents to the court for in camera inspection). Accordingly, we dismiss the portion of the petition regarding the pre-accident pharmacy records.
As to the petitioner’s post-accident medical records, we find that they are irrelevant to the issues in the case and the trial court erred in ordering these documents to be produced. Discovery must be relevant to the subject matter of the pending action. See Fla. R. Civ. P. 1.280(b)(1). The petitioner did not put her post-accident medical condition at issue in the case. The plaintiffs argue that the post-accident medical records are relevant because the petitioner provided inconsistent information as to whether she was injured in the accident. We do not find any inconsistency in the petitioner’s response that she was not injured in the accident and her testimony that her osteoarthritis had gotten worse since the accident. There is nothing in the petitioner’s testimony to suggest that her condition worsened as a result of the accident rather than from the mere passage of time since the accident and her deposition testimony. Moreover, even if an inconsistency were apparent, the petitioner’s injury is irrelevant to the issues in the case — whether the petitioner was negligent and whether the plaintiffs were injured and suffered damages as a result of this negligence. Unlike the pre-accident pharmacy records which may be relevant, the post-accident medical records are entirely irrelevant and an in camera review on remand would serve no purpose. See Pusateri v. Fernandez, 707 So.2d 892, 893 (Fla. 2d DCA 1998) (“Discovery should be denied when it has been established that the information requested is neither relevant to any pending claim or defense nor will it lead to the discovery of admissible evidence.”). Accordingly, we grant the petition in this respect and quash the portion of the order requiring production of the petitioner’s post-accident medical records.
GRANTED in part, DISMISSED in part, and REMANDED for further proceedings. consistent with this opinion.
ROBERTS, WETHERELL, and MARSTILLER, JJ., Concur.