FERNANDEZ, J.
Millennium Diagnostic Imaging Center, Inc. petitions this Court for a writ of prohibition, or in the alternative, a writ of certiorari to quash the circuit court’s discovery order. We deny Millennium’s petition for prohibition because prohibition may not be used to revoke an order already entered. Furthermore, we deny Millennium’s petition for certiorari because Millennium neither alleged nor proved the elements necessary to obtain such a writ.
In 2010 and 2011, Millennium rendered MRI services to three insureds of appellee State Farm Mutual Automobile Insurance Company. The aggregate cost of the MRI’s performed on the insureds, whose insurance policies included no-fault (PIP) coverage, was less than $15,000. After the insureds assigned their PIP benefits to Millennium, Millennium sought payment of the benefits from State Farm.
State Farm investigated the claims to determine whether and to what extent they were payable. State Farm specifically sought to determine whether the services were lawfully rendered, reasonable, related, and medically necessary. Unable to verify that the two Millennium facilities that rendered the services were properly accredited, State Farm served Millennium with statutory requests for information pursuant to section 627.736, Florida Statutes (2010). The requests, sent in June and July of 2011, asked for written documentation of the MRI equipment used, and proof of accreditation, as well as various other documents. Millennium did not pro *1088 duce the documents requested. State Farm then filed an action for discovery pursuant to section 627.736, Florida Statutes (2010).
Millennium moved to dismiss State Farm’s action and filed PIP suits against State Farm in county court to recover the PIP benefits. In its motion to dismiss, Millennium argued that the circuit court did not have jurisdiction over the discovery action, that discovery could be done as part of the county court suits, and that the requested information went beyond .the scope of the PIP statute. After a hearing on the motion, the circuit court denied Millennium’s motion to dismiss and granted State Farm’s action for discovery.
Millennium then petitioned this Court for a writ of prohibition, or alternatively, a writ of certiorari to quash the circuit court’s order.[1] We deny Millennium’s petitions.
Prohibition does not lie under these circumstances. “Prohibition is an extraordinary remedy, which will only be granted to restrain the exercise of judicial power where none exists.” Dep’t of Children & Family Servs. v. Interest of J.C., 847 So.2d 487, 491 (Fla. 3d DCA 2002). The purpose of prohibition is to prevent something rather than to undo something; thus, it cannot be used to revoke an order already entered. State ex rel. Sarasota Cnty. v. Boyer, 360 So.2d 388, 391-92 (Fla. 1978); Ortiz v. Fla. Parole Comm’n, 15 So.3d 941, 942 (Fla. 3d DCA 2009). Because prohibition is “preventative and not corrective,” prohibition will not lie to review the circuit court’s discovery order. Boyer, 360 So.2d at 391-92.
We note that even if the order had not yet been entered, the circuit court acted within its jurisdiction. “In the event of a dispute regarding an insurer’s right to discovery of facts under [section 627.736(6) ], the insurer may petition a court of competent jurisdiction to enter an order permitting such discovery.” § 627.736(6)(c), Fla. Stat. (2010) (emphasis added). Circuit courts have jurisdiction to hear “all cases in equity.” § 26.012(2)(c), Fla. Stat. (2013).
Millennium argues that the circuit court did not have jurisdiction over State Farm’s discovery action because the circuit court’s monetary jurisdiction threshold was not satisfied. However, while county courts have equity jurisdiction in cases that fall within the county courts’ monetary jurisdiction, that jurisdiction is not exclusive; rather, the county courts share concurrent jurisdiction with the circuit courts in matters of equity. See Alexdex Corp. v. Nachon Enters., Inc., 641 So.2d 858, 862 (Fla.1994). Because the monetary amount in this case does not exceed the monetary ceiling for county court jurisdiction, both the county court and circuit court were vested with equity jurisdiction in this matter. Cf. MRI Servs., Inc. v. State Farm Mid. Auto. Ins. Co., 807 So.2d 783, 786 (Fla. 2d DCA 2002) (noting that a county court has equity jurisdiction over a section 627.736(6)(c) discovery action where the amount in controversy does not exceed the county court’s jurisdictional amount and rejecting argument that circuit court alone has equity jurisdiction to order discovery).
In addition, Millennium claims that State Farm’s action for discovery under section 627.736(6)(c) is not a claim in equity. The distinction between an action at law and an action in equity often “depends *1089 on the nature of the breach and the remedy sought.” King Mountain Condo. Ass’n v. Gundlach, 425 So.2d 569, 571 (Fla. 4th DCA 1982). An action at law generally involves a claim for money damages, whereas an equitable claim seeks an order directing a person to do or not to do a specific act. State Farm Mut. Auto. Ins. Co. v. Green, 579 So.2d 402, 403 (Fla. 5th DCA 1991).
State Farm’s action for discovery was an equitable action that fell within the circuit court’s equitable jurisdiction. Florida courts have recognized section 627.736(6)(c) actions as actions in equity. See MRI Services, 807 So.2d at 786 (noting that the county court had equity jurisdiction over a section 627.736(6)(b) discovery action); see also State Farm Mut. Auto. Ins. Co. v. Goldstein, 798 So.2d 807 (Fla. 4th DCA 2001) (addressing section 627.736(6)(c) and the circuit court’s discovery order without stating that the circuit court lacked subject matter jurisdiction to rule on the order); Kaminester v. State Farm Mut. Auto. Ins. Co., 775 So.2d 981 (Fla. 4th DCA 2000).
Moreover, an order that grants discovery to a party is equitable rather than legal in nature. The “nature of the breach” here was the violation of a statute requiring a medical provider to comply with an insurer’s discovery requests relating to claims by its insureds. King Mountain, 425 So.2d at 571. The remedy for such a breach — a remedy section 627.736(6)(c) contemplates — is an order directing a party to comply with such discovery. Generally, courts of equity “order a [party] to do, or not to do, a specific act.” George Vining & Sons, Inc. v. Jones, 498 So.2d 695, 697 (Fla. 5th DCA 1986). Although State Farm’s remedy is granted by statute, codification alone does not transform an equitable action into a legal one. The Florida legislature has codified several actions that are undeniably equitable actions without transforming them into legal actions. See e.g. § 65.061, Fla. Stat. (2013). Therefore, the circuit court acted within its equity jurisdiction in hearing and ruling on State Farm’s action for discovery under section 627.736(6)(c).
Finally, we deny Millennium’s request for a writ of certiorari to quash the circuit court’s order. A party that petitions this Court for a writ of certiorari must demonstrate that the trial court departed from the essential requirements of law, resulting in irreparable harm that cannot be adequately remedied on final appeal. Kirlin v. Green, 955 So.2d 28, 29 (Fla. 3d DCA 2007). Material injury and irreparable harm are “jurisdictional prerequisites to certiorari relief.” Nucci v. Nucci, 987 So.2d 135, 139 (Fla. 2d DCA 2008). Millennium’s petition for certiorari relief asserts neither a material injury nor an irreparable harm; thus, Millennium is not entitled to certiorari relief.
Petitions denied.

. State Farm moved to convert the writ proceeding to a final appeal. This Court denied the motion and directed State Farm to address the subject matter jurisdiction of the current writ.