SALTER, J.
Petitioner, Franklin Rodriguez, is the defendant in a circuit court personal injury lawsuit brought by the respondent, Chad Smith. Mr. Rodriguez seeks a writ of certiorari to quash a discovery order compelling him to answer special medical interrogatories, and allowing additional discovery, regarding his medical circumstances and injuries arising from the accident that is the subject of the lawsuit. As defendant, Mr. Rodriguez has not asserted any cause of action against Mr. Smith, and Mr. Rodriguez argues that only Mr. Smith’s alleged injuries are properly subject to pretrial discovery in the case.
Mr. Smith alleges that in the pre-dawn darkness on October 31, 2010, Mr. Rodriguez’s car ran out of gas on the single northbound lane of Seven Mile Bridge after Mr. Rodriguez had celebrated Fantasy Fest in Key West. Mr. Smith alleges that the hazard lights on Mr. Rodriguez’s car were not activated, and that Mr. Smith, on a motorcycle also proceeding northbound, sideswiped the stalled vehicle, with resulting serious injury to Mr. Smith.
In the course of pretrial discovery, Mr. Rodriguez testified that his leg or ankle had been struck, apparently by debris and while standing outside his vehicle, when Mr. Smith and his motorcycle struck Mr. Rodriguez’s vehicle. Mr. Smith propounded form medical interrogatories that went far beyond the injuries described by Mr. Rodriguez. Mr. Rodriguez objected, Mr. Smith moved to compel, and the trial court entered an order specifying that “Defendant [Rodriguez] will answer Plaintiffs [Smith’s] Special Medical Interrogatories,” and that “Plaintiff is entitled to discovery regarding the Defendant’s medical circumstances and injuries arising from this accident.” Mr. Rodriguez seeks certiorari directed to that order.

Analysis

Mr. Rodriguez is correct that an order compelling discovery of irrelevant, confidential personal medical records may meet the stringent tests for our certiorari jurisdiction. See Poston v. Wiggins, 112 So.3d 783 (Fla. 1st DCA 2013). To the extent that the trial court’s order required an answer to Mr. Smith’s special medical interrogatories without limitation, we might have exercised that jurisdiction to quash those portions of the order. For example, interrogatory number 6 directed Mr. Rodriguez to “[l]ist the names and business of all other physicians, medical facilities or other health care providers by whom or at which you have been examined or treated in the past ten years; and state as to each the dates of examination or treatment and the condition or injury for which you were examined or treated.” That interrogatory has no relationship whatsoever to Mr. Smith’s appropriate discovery requests seeking information regarding the sequence of events that allegedly injured both parties. The trial court’s written order did not restrict the interrogatory as much as the court had suggested during the hearing on the motion to compel.
In responding to the petition in this case, counsel for Mr. Smith commendably acknowledged that any responses to the facially overbroad interrogatories would be confined to those “regarding the Defendant/Petitioner’s medical circumstances and injuries arising from this accident ” (emphasis provided), confirming that the limitation set forth in the third paragraph of the trial court’s order regarding future discovery applied as well to the second paragraph of the order regarding the prior interrogatories.
*219 Discovery of the nature and extent of Mr. Rodriguez’s injuries caused by flying debris from the collision could be pertinent to Mr. Smith’s proof regarding the location and force of the collision (allegedly causing Mr. Smith’s own injuries), or to his ability to provide information to the first responder in the aftermath of the incident, for example, and is thus within the scope allowed by Florida Rule of Civil Procedure 1.280(b)(1).
Following Mr. Smith’s concession, the petition demonstrates neither irreparable harm nor a departure from the essential requirements of law, such that it must be dismissed for lack of jurisdiction. See State Farm Fla. Ins. Co. v. Puig, 62 So.Bd 23, 25 (Fla. 3d DCA 2011); see also Cruz v. Cooperativa de Seguros Multiples de Puerto Rico, Inc., 76 So.3d 394 (Fla. 2d DCA 2011).
Petition dismissed.
LOGUE, J., concurs.