SHEPHERD, C.J.,
dissenting.
I would grant certiorari relief and quash the order directing the defendant in a negligence action to provide personal medical information even though the defendant has made no claim for damages arising from personal injury.
Chad M. Smith allegedly suffered injuries as a result of an accident involving an automobile driven by Franklin Rodriguez and a motorcycle operated by Smith. Each blamed the other for causing the accident, but only Smith sued for damages. In his deposition, Rodriguez denied his automobile was blocking traffic, and in describing the accident, stated he first became aware that something was wrong when he felt something strike his leg or ankle. Although Rodriguez admitted he was injured by the contact either with Smith’s motorcycle or debris, he denied filing any claim for his injuries. Based simply on this testimony, Rodriguez is being compelled to reveal confidential personal medical records which have no relevance to the matter at issue in this case, which is solely whether Rodriguez’ negligent actions caused Smith’ injuries.
In Poston v. Wiggins, 112 So.3d 783 (Fla. 1st DCA 2013), the First District reviewed a similar irrelevant request for medical information to a defendant in a personal injury case. As in this case, the defendant in Poston did not assert a claim for damages from the subject automobile accident but testified in her deposition that her osteoarthritis had gotten worse since the accident. Alleging the need to clarify an inconsistency between the defendant’s claim of no damages from the accident and her testimony regarding the worsening osteoarthritis, the plaintiffs requested the defendant’s post-accident medical records. Over the defendant’s objection, the trial court ordered production of the records.
The appellate court determined that the trial court erred in compelling production of the requested materials. First, the First District acknowledged that a person has a right to privacy in his or her medical records. The court reasoned that this right should not be violated where the defendant did not put her post-accident medical condition at issue in the case. With regard to the plaintiffs’ claimed need to clarify an inconsistency, the court stated, “even if an inconsistency were apparent, the petitioner’s injury is irrelevant to the issues in this case — whether the petitioner was negligent and whether the plaintiffs were injured and suffered damages as a result of this negligence.” Id. at 786.
For these same reasons, I believe Rodriguez has shown a departure from the essential requirements of law and irreparable harm in the order compelling pro *220 duction of his medical records. Neither the Smith’s “concession” nor the majority’s “limitation” persuade me to the contrary. Accordingly, I would grant the petition for writ of certiorari and quash the order entered below.