# Third District Court of Appeal

## State of Florida

Opinion filed October 01, 2014.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-1318
Lower Tribunal No. 14-5040
_____

**Moishe Mana,**
Petitioner,

vs.

**Anthony Jimmy Cho a/k/a Tony Cho, Metro 1 Properties, Inc., a Florida corporation, Scott Alan Silver, and Grouper Financial, Inc., a Florida corporation,**
Respondents.


A Writ of Certiorari to the Circuit Court for Miami-Dade County, Lisa S. Walsh, Judge.

The Fischman Law Firm, P.A., and Bruce D. Fischman and Jenna L. Fischman, for petitioner.

Boies, Schiller & Flexner LLP, and Bruce Alan Weil and Steven W. Davis, for respondents.


Before ROTHENBERG, LOGUE, and SCALES, JJ.

ROTHENBERG, J.

Moishe Mana ("Mana") petitions this Court for a writ of certiorari to quash the trial court's discovery order compelling him to produce his personal financial information, such as tax returns and income statements, a copy of all documents between Mana and three particular individuals, and a copy of all documents between Mana and any agent and/or broker of defendant Metro I Properties, Inc. ("Metro"). Because the portion of the discovery order requiring Mana to produce his personal financial information departs from the essential requirements of law and will cause material injury to Mana that cannot be adequately redressed on appeal, we grant the petition in part and quash the portion of the discovery order compelling Mana to produce his personal financial information. We, however, deny the petition in all other respects.

In the underlying lawsuit, Mana filed an amended complaint against Anthony Jimmy Cho ("Cho"), Metro, Scott Alan Silver ("Silver"), and Grouper Financial, Inc. ("Grouper Financial") (collectively, "the Respondents"), alleging that Mana engaged Cho and Metro, both licensed real estate brokers, to assemble more than twenty-five acres of land within the Wynwood area, which would allow Mana to develop a project. Thereafter, Mana began to purchase properties within the specified area based on Cho's and Metro's advice, and Cho and Metro agreed that it would seek to acquire four specific parcels of vacant land that Mana needed

2

to go forward with the project. However, instead of acquiring the four vacant parcels for Mana's benefit as agreed, Cho, Metro, and Silver, through Grouper Financial, entered into a written agreement regarding the four vacant parcels to their own benefit without including Mana.

Mana alleged that Metro, Cho, and Silver breached their statutory duties to Mana under section 475.278(2)(a) of the Florida Statutes by failing to deal honestly and fairly with Mana and by failing to exercise their skill, care and diligence on Mana's behalf. Mana also alleged that Grouper Financial and Silver conspired with Cho and Metro to assist in the commission of the violations of section 475.278(2)(a).

In the complaint, Mana sought "compensatory damages equal to the value of lost business opportunity . . . ." However, in his response to interrogatories, Mana limited the damages he was seeking by stating: "[Mana's] measure of damages is the difference between the fair market value of the subject properties at the time of the statutory breach and the fair market value of the properties at the time of trial. The amount shall be provided following completion of appraisals."

Thereafter, Metro and Cho filed a counterclaim against Mana alleging that Mana tortiously interfered with contractual relationships (employment contracts) between Metro and two of Metro's agents by inducing these agents to acquire land for Mana's benefit in the Wynwood area through a straw buyer in violation of the

3

agents' employment contracts with Metro. Metro and Cho also asserted additional counterclaims against Mana for defamation and abuse of process.

A party seeking certiorari relief must demonstrate that the trial court's order "depart[s] from the essential requirements of law, resulting in irreparable harm that cannot be adequately remedied on final appeal." Millennium Diagnostic Imaging Ctr., Inc. v. State Farm Mut. Auto. Ins. Co., 129 So. 3d 1086, 1089 (Fla. 3d DCA 2013); see also Rousso v. Hannon, 39 Fla. L. Weekly D1663, D1664 (Fla. 3d DCA 2014); Miccosukee Tribe of Indians v. Lehtinen, 114 So. 3d 329, 331 (Fla. 3d DCA 2013) ("A common law writ of certiorari is proper and will be granted when a trial court's determination constitutes a clear departure from the essential requirements of the law resulting in material injury for the remainder of the case that cannot be properly remedied on post-judgment appeal."). "Material injury and irreparable harm are 'jurisdictional prerequisites to certiorari relief.'" Millennium Diagnostic Imaging Ctr., 129 So. 3d at 1089 (quoting Nucci v. Nucci, 987 So. 2d 135, 139 (Fla. 2d DCA 2008)); see also Poston v. Wiggins, 112 So. 3d 783, 785 (Fla. 1st DCA 2013) (holding that the reviewing court "must first conduct a jurisdictional analysis to determine whether the petitioner had made a prima facie showing of irreparable harm" before ruling on a certiorari petition).

"Discovery is limited to those matters relevant to the litigation **as framed by the parties' pleadings**." Rousso v. Hannon, 39 Fla. L. Weekly at D1664.

4

"Generally, private individual financial information is not discoverable when there is no financial issue pending in the case to which the discovery applies." Bd. of Trs. of Internal Improvement Trust Fund v. Am. Educ. Enters., LLC, 99 So. 3d 450 (Fla. 2012); see also Aspex Eyewear, Inc. v. Ross, 778 So. 2d 481, 481-82 (Fla. 4th DCA 2001) ("Ordinarily the financial records of a party are not discoverable unless the documents themselves or the status which they evidence is somehow at issue in the case.").

In the instant case, the Respondents argue that Mana's personal financial information is relevant because he has sought "compensatory damages equal to the value of lost business opportunity," and that Mana's personal financial information will shed light on the amount of damages, if any, Mana has incurred as a result of his alleged "lost business opportunity." The Respondents' argument may have been meritorious if Mana was seeking damages for the loss of the business income for the proposed project that did not come to fruition due to the Respondents' alleged actions; however, as set forth in Mana's interrogatory response, by which he is now bound, he is not. Rather, Mana is seeking damages for "the difference between the fair market value of the subject properties at the time of the statutory breach and the fair market value of the properties at the time of trial. The amount shall be provided following completion of appraisals." Mana's personal financial information has no bearing on the property value of the four vacant parcels, and is

5

therefore irrelevant to the litigation. Allowing irrelevant discovery is a clear departure from the essential requirements of law, and the discovery of confidential financial information is the type of "cat out of the bag" discovery that can cause material injury that cannot be adequately redressed on appeal. Allstate Ins. Co. v. Langston, 655 So. 2d 91, 94 (Fla. 1995). Thus, we grant the petition for writ of certiorari in part and quash the portion of the discovery order pertaining to Mana's personal financial information.

Finally, without further discussion, we deny the remaining portions of the petition for writ of certiorari because we conclude that the trial court's discovery order requiring Mana to produce a copy of all documents between himself and three particular individuals and also between himself and any of Metro's agents and/or brokers does not depart from the essential requirements of law. These documents, unlike Mana's financial information, are relevant to the litigation as framed by the counterclaim. See Rousso, 39 Fla. L. Weekly at D1664. ("Discovery is limited to those matters relevant to the litigation **as framed by the parties' pleadings**.").

Petition granted in part; discovery order quashed in part.