# Third District Court of Appeal

## State of Florida

Opinion filed March 10, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1719
Lower Tribunal Nos. 19-21218 & 20-15029
_____

**Miramar Marina Corp.,**
Petitioner,

vs.

**Pedro J. Garcia, etc., et al.,**
Respondents.

On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Beatrice Butchko, Judge.

Rennert Vogel Mandler & Rodriguez, P.A., and Thomas S. Ward, for petitioner.

Abigail Price-Williams, Miami-Dade County Attorney, and Ryan Carlin, Jorge Martinez-Esteve and Daija P. Lifshitz, Miami-Dade Assistant County Attorneys, for respondents Miami-Dade County Property Appraiser's Office and Miami-Dade County Tax Collector's Office; Ashley Moody, Attorney General, and John Mika (Tallahassee), Assistant Attorney General, for respondent Florida Department of Revenue.

Before SCALES, HENDON and MILLER, JJ.

SCALES J.

Petitioner Miramar Marina Corporation ("Miramar") seeks certiorari relief from the circuit court's denial of its motion for protective order from certain discovery requests of respondent Pedro Garcia (the "Property Appraiser"). Because we discern no irreparable harm,[1] we dismiss Miramar's petition.

Miramar owns a marina in Miami. After the Miami-Dade County Value Adjustment Board ("VAB") reduced the market value of the marina in 2018 (and again in 2019), the Property Appraiser filed suit in circuit court to overturn the VAB rulings. The underlying dispute involves whether the Property Appraiser may assess the marina using the income approach of section 193.011(7) of the Florida Statutes. Miramar's marina occupies State sovereign submerged land for which Miramar has a lease. Miramar contends that, because the State sovereign submerged land and the leasehold are not subject to property taxation, the Property Appraiser cannot use the income approach. Miramar reasons that the income approach unavoidably would capture the value of those two portions of Miramar's property not subject to

---

[1] A party seeking certiorari review of a discovery order must show irreparable harm that cannot be remedied on final appeal and a departure from the essential requirements of law. Mana v. Cho, 147 So. 3d 1098, 1099 (Fla. 3d DCA 2014).

taxation. Therefore, Miramar argues, discovery of its financial records on behalf of an income approach analysis is illegal and futile.

The Property Appraiser sought discovery of several years of Miramar's financial records. Accordingly, the Property Appraiser noticed a deposition duces tecum of Miramar's records custodian and a deposition of its President. Miramar moved for a protective order. As mentioned, the basis for Miramar's motion was that the financial records sought by the Property Appraiser are not discoverable because the income approach is not constitutionally permissible in this instance.[2] At an October 19, 2020 hearing, the trial court denied Miramar's motion for protective order. Miramar seeks certiorari to quash this denial order and remand with instructions to grant the motion.

In this certiorari proceeding to challenge a discovery order, Miramar essentially asks this Court to reach the substantive issue of the appropriate

---

[2] Miramar argues that this case is controlled by Havill v. Scripps Howard Cable Co., 742 So. 2d 210 (Fla. 1998), and subsequent related cases. Havill holds that the property appraiser's application of a variation of the income approach to the taxation of a cable television utility's property was constitutionally infirm because it captured – and could not segregate and exclude – non-taxable intangible personal property. Id. at 213. Similarly, in the instant case, Miramar argues that the Property Appraiser, using the income approach to arrive at a single value of Miramar's property, cannot exclude the values of the non-taxable State sovereign submerged land and leasehold. We express no opinion as to the merits of Miramar's argument.

3

method of taxation of its property. "Certiorari may be granted from a discovery order where a party 'affirmatively establishes' the private information at issue is not relevant to any issue in the litigation and is not reasonably calculated to lead to admissible evidence." Nucci v. Target Corp., 162 So. 3d 146, 151 (Fla. 4th DCA 2015) (quoting Allstate Ins. Co., v. Langston, 655 So. 2d 91, 95 (Fla. 1995)). "The concept of relevancy has a much wider application in the discovery context than in the context of admissible evidence at trial." Bd. of Trs. of the Internal Improvement Tr. Fund v. Am. Educ. Enters., LLC, 99 So. 3d 450, 458 (Fla. 2012).

Here, the Property Appraiser made a showing that, at this juncture, Miramar's financial records are relevant to the valuation of the marina. While the financial records at issue might ultimately prove irrelevant (that is, if Miramar prevails on its substantive argument), it would be premature and speculative of us to reach this issue in this proceeding. Certiorari relief is generally unavailable when there is adequate redress on plenary appeal. Langston, 655 So. 2d at 94.

If the Property Appraiser mis-applies the income approach and assesses immune or exempt property, Miramar will have grounds for redress

on plenary appeal.[3] Because Miramar has not established the required irreparable harm to invoke the Court's certiorari jurisdiction, we dismiss the petition for lack of jurisdiction.

Petition dismissed.

---

[3] The trial court's order recognizes that the Property Appraiser is required to maintain the confidentiality of Miramar's financial records under section 195.027(3) of the Florida Statutes. This case is not a "cat-out-of-the-bag" case with a potential for injury to the litigant from disclosure of its records. See, e.g., Cooper Tire & Rubber Co. v. Cabrera, 112 So. 3d 731, 733 (Fla. 3d DCA 2013).