# Third District Court of Appeal

## State of Florida

Opinion filed April 26, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-2058
Lower Tribunal No. 22-467
_____

**MYI International, LLC,**
Petitioner,

vs.

**Blue Ocean Miami, Inc.,**
Respondent.


A Writ of Certiorari to the Circuit Court for Miami-Dade County, Beatrice Butchko, Judge.

Karen B. Parker, P.A., and Karen B. Parker, for petitioner.

Gamardo, P.A., and Andres Gamardo, for respondent.


Before FERNANDEZ, C.J., and MILLER, and BOKOR, JJ.

MILLER, J.

In this breach of promissory note lawsuit, petitioner, MYI International, LLC, the borrower, seeks certiorari review of a nonfinal order compelling the disclosure of financial discovery at the behest of respondent, Blue Ocean Miami, Inc., the lender.  The unelaborated order, rendered without a hearing on a contended emergency basis, ostensibly rests upon a single superseded interrogatory answer stating that MYI failed to pay a "balance due as a direct and proximate cause of force majeure in that MYI suffered extreme financial duress brought on [by] the COVID-19 virus resulting in the shut[-]down of the business and a decline in the market."  After MYI amended its answer, removing all reference to financial hardship and admitting it "ha[d] not paid the principal amount of the Promissory Note," Blue Ocean obtained an order compelling the production of all of MYI's financial records on an emergency basis without a hearing.  Because MYI was neither afforded adequate notice nor an opportunity to be heard, and the compelled discovery is vast in breadth and irrelevant to the issues framed in the pleadings and discovery, we grant the petition and quash the order under review.  See Allstate Ins. Co. v. Langston, 655 So. 2d 91, 94 (Fla. 1995) (quoting Martin-Johnson, Inc. v. Savage, 509 So. 2d 1097, 1100 (Fla. 1987), superseded by statute on other grounds, § 768.72, Fla. Stat. (2021)) ("Discovery of certain kinds of information 'may reasonably cause material injury of an irreparable

nature.'"); <u>Rousso v. Hannon</u>, 146 So. 3d 66, 69 (Fla. 3d DCA 2014) ("Discovery is limited to those matters relevant to the litigation *as framed by the parties' pleadings*."); <u>ESJ JI Leasehold, LLC v. PJGWI, Inc.</u>, 337 So. 3d 115, 116–17 (Fla. 3d DCA 2021) (quoting <u>Mana v. Cho</u>, 147 So. 3d 1098, 1100 (Fla. 3d DCA 2014)) ("Allowing discovery of irrelevant . . . financial information clearly departs from the essential requirements of law and constitutes 'cat out of the bag' discovery that can cause material injury that cannot be adequately redressed on appeal."); <u>Life Care Ctrs. of Am. v. Reese</u>, 948 So. 2d 830, 832 (Fla. 5th DCA 2007) ("Although certiorari is not available to remedy every erroneous discovery order, it is an appropriate remedy for discovery orders that depart from the essential requirements of the law by requiring patently overbroad discovery so extensive that compliance with the order will cause material injury to the affected party throughout the remainder of the proceeding, effectively leaving no adequate remedy on appeal.").

Petition granted.  Order quashed.