# Third District Court of Appeal
## State of Florida

Opinion filed September 6, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1235
Lower Tribunal No. 22-19395
_____

**Bath & Kitchen Boutique, LLC,**
Petitioner,

vs.

**Alan Kent Little,**
Respondent.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, Beatrice Butchko, Judge.

Alexander Appellate Law, P.A., and Samuel Alexander (DeLand), for petitioner.

Barakat + Bossa, PLLC, and Alfredo E. Dally and Jocelyne A. Macelloni, for respondent.

Before LOGUE, C.J., and MILLER and BOKOR, JJ.

BOKOR, J.

Bath & Kitchen Boutique, LLC, petitions this court for a writ of certiorari to quash an order granting certain requests for production of financial information. Bath & Kitchen Boutique argues that the financial discovery sought doesn't relate to an issue in the case, doesn't constitute permissible postjudgment financial discovery, and instead constitutes impermissible cat-out-of-the-bag financial discovery causing irreparable damage, for which there is no remedy on appeal. Based on the facts before us, we agree.

Specifically, respondent Alan K. Little sought an ex parte prejudgment writ of garnishment pursuant to section 77.031, Florida Statutes. Little posted a bond and sought to garnish $35,000 from Bath & Kitchen Boutique's checking and savings accounts at JP Morgan Chase Bank, N.A. JP Morgan responded, alerting the parties that it garnished the sum of $25,526.16, which represents the money contained in the two accounts at issue. Little then subpoenaed JP Morgan Chase Bank duces tecum, demanding: (1) a records custodian deposition along with the production of all records reviewed in preparation of the response to the prejudgment writ of garnishment; and (2) account statements for every account owned by Bath & Kitchen Boutique, including but not limited to the checking and savings accounts listed in the prejudgment writ of garnishment. Over objection, the trial court limited the subpoena to documents only.

Certiorari relief lies where a trial court's nonfinal order causes material and irreparable injury and departs from the essential requirements of the law. Nader v. Fla. Dep't. of Highway Safety & Motor Vehicles, 87 So. 3d 712, 721 (Fla. 2012). Discovery of private and confidential financial information often triggers certiorari proceedings. This is because the circumstances for which a party may obtain the other party's financial information are limited, and any order granting discovery outside those limitations has long been considered impermissible cat-out-of-the-bag discovery for which certiorari relief lies. See, e.g., ESJ JI Leasehold, LLC v. PJGWI, Inc., 337 So. 3d 115, 116 (Fla. 3d DCA 2021) (explaining that certiorari lies to prevent cat-out-of-the-bag discovery of "financial information not relevant to the claims at issue"); see also Mana v. Cho, 147 So. 3d 1098, 1100 (Fla. 3d DCA 2014) (same).

In general, financial discovery is permissible where it goes to the claims at issue, where there is a punitive damages claim, or where the parties are engaged in postjudgment proceedings. The need to "verify the accuracy of the Answer to the Writ of Garnishment" provides no basis to disturb or expand this well-worn rule on financial discovery. The bank provided a response, identified the two accounts requested by Little in the prejudgment writ of garnishment, and garnished the monies held therein. Based on nothing more than a desire to "verify" the response, Little then

3

sought what he would not otherwise be entitled to—6 months of bank statements for the identified accounts (and any others that may exist but weren't part of the prejudgment writ), providing not only account balances, but every transaction for the months of statements.[1]

A writ of prejudgment garnishment is a narrow tool. It stands to reason, therefore, that discovery directed to a superficially compliant third-party financial institution can't be used as a backdoor to quintessential cat-out-of-

---

[1] Little's argument that the financial discovery is at issue because of the prejudgment writ misses the mark and turns the analysis of relevance on its head. Little relies on Heekin v. Del Col, 60 So. 3d 437 (Fla. 1st DCA 2011), for the proposition that there can't be irreparable harm where the financial obligation is ordered by the court. But Little misapplies the holding to this situation. In Heekin, the trial court ordered Heekin to deposit $250,000 into the court registry. Id. at 438. When Heekin failed to comply, the respondent sought financial discovery. Id. Heekin argued that such discovery was improper, but the First District correctly explained that "Mr. Heekin's ability to comply with the earlier order is squarely at issue, and the court needs information about his income, assets and liabilities to determine whether contempt is appropriate." Id. Little tries to analogize, explaining that financial discovery is at issue because if the garnishee failed to answer completely and fully, the garnishee may be liable for some of the debt owed. This fails for many reasons. First, in Heekin, the noncompliance of a party—Heekin—triggered the financial discovery. Here, the bank complied with the garnishment request. Little seeks a fishing expedition into financial records based on nothing more than a supposed desire to confirm the bank's compliance. Second, the bank is not a party here. While it is true that a garnishee has a duty to comply, Little provides no case indicating that the way to confirm compliance is to allow access to otherwise private financial information of a party to an action—financial documents that Little wouldn't otherwise be entitled to in discovery based on the claims, defenses, and counterclaims in the lawsuit.

4

the-bag financial discovery of a party, untethered to any issue or claim in the underlying case.[2]  Accordingly, we quash the order under review.

Petition granted; order quashed.

---

[2] Based on our narrow certiorari jurisdiction, we only address the order under review.  See, e.g., Nat'l Advert. Co. v. Broward County, 491 So. 2d 1262, 1263 (Fla. 4th DCA 1986) ("A court's certiorari review power does not extend to directing that any particular action be taken, but is limited to denying the writ of certiorari or quashing the order reviewed.").  We therefore take no position on whether other, less invasive means of discovery exist or are warranted under the circumstances.